Thomas Kevin TAYLOR *v.* STATE of Arkansas

CR 88-202                                                771 S.W.2d 742

Supreme Court of Arkansas
Opinion delivered June 12, 1989

*Matt Keil*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Thomas Kevin Taylor was found guilty of first degree murder and was sentenced to forty years imprisonment. He argues on appeal the evidence was insufficient to support the jury's verdict and the trial court erred in not granting his motion for a new trial. We affirm.

Taylor contends the State failed to prove he acted with premeditation and deliberation since he consumed large quantities of alcohol and was intoxicated when the crime was committed. We do not reach the merits of Taylor's claim because he failed to abstract his motion for directed verdict and because he never challenged the sufficiency of the evidence below on the grounds the State failed to prove premeditation and deliberation.

Parties have an affirmative obligation to abstract those portions of the record relevant to the points on appeal, and the record is confined to that which has been abstracted. *Lee* v. *State*, 297 Ark. 421, 762 S.W.2d 790 (1989). It is equally axiomatic that arguments made for the first time on appeal will not be considered by this court, *Addison* v. *State*, 298 Ark. 1, 765 S.W.2d 566 (1989), and parties cannot change the grounds for an objection on appeal. *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988).

In arguing it was error not to grant the motion for new trial, Taylor contends the cumulative effect of the State's discovery violations resulted in an unfair trial. He cites the State's failure to provide copies of a crime lab report, a record of the accomplice's

prior misdemeanor convictions, and a complete list of the State's witnesses.

■ Here again, Taylor abstracted the hearing on his motion but failed to abstract the motion itself. Parties must comply with our rules on abstracting. *See* Rule 11(f) of the Rules of the Supreme Court and the Court of Appeals. Also, the record shows the motion was based entirely on the assertion that the "prosecution intentionally and in bad faith suppressed from the Court and defense counsel evidence which exculpated the Defendant," referring of course to the crime lab report. As before, we emphasize that parties on appeal are bound by the scope and nature of those objections and arguments presented to the trial court for its consideration. The motion for new trial made no mention of the prosecutor's failure to provide either a record of the accomplice's prior convictions or a list of the State's witnesses. While Taylor raised those issues during trial, they were not raised as grounds for a new trial until either the hearing on the motion or, in the case of the witness list, until this appeal.

■ Even if we consider Taylor's arguments in support of a new trial on the merits, he is unable to demonstrate prejudice as a result of any error, a requirement he must meet to obtain reversal on appeal. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985). First, the material presented in the crime lab report was for all practical purposes cumulative of that introduced at trial. Second, the record of the accomplice's prior misdemeanor convictions is of no great concern as the State had already disclosed one prior felony conviction and at least one misdemeanor conviction.

As to the witness list, it is clear that the prosecution did not comply with its obligation under A.R.Cr.P. Rule 17.1 to furnish the names and addresses of those individuals the State intended to call as witnesses at trial. Yet, of the four witnesses not on the list, the court refused to allow one to testify, Taylor knew from a pretrial proceeding that another would testify, and a third was restricted as to the scope of his testimony, which was presented only after Taylor was allowed to voir dire the witness. With respect to the fourth, Taylor again objected but as with the others failed to request any of the sanctions available under A.R.Cr.P. Rule 19.7, such as a continuance. *See Snell* v. *State*, 290 Ark.

503, 721 S.W.2d 628 (1986), *cert. denied*, 484 U.S. 872, 108 S. Ct. 202 (1987).

Finally, we point out that Taylor's argument concerning the information not disclosed by the prosecution is that it would have had an effect on the jury's assessment of the accomplice's credibility. Evidence which only attacks the credibility of other testimony is not grounds for a new trial. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986); *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245, *cert. denied*, 469 U.S. 847 (1984).

Affirmed.