Delbert W. HARRISON v. STATE of Arkansas

CR 89-150                                   779 S.W.2d 536

Supreme Court of Arkansas
Opinion delivered November 20, 1989

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Delbert Harrison, was convicted of burglary and theft of property. We affirmed. *Harrison v. State*, 287 Ark. 102, 696 S.W.2d 501 (1985). He then filed a petition in this court asking that he be allowed to proceed in circuit court with post-conviction proceedings pursuant to A.R.Cr.P. Rule 37. We denied the petition in an unpublished opinion. Petitioner then filed this action in circuit court to correct an illegal sentence. Ark. Code Ann. § 16-90-111 (1987). The trial court denied relief. We affirm.

Appellant's abstract consists only of a list, or inventory, of the pleadings and judgment. It is flagrantly deficient. When an abstract is flagrantly deficient the judgment must be affirmed for failure to comply with Rule 9(e)(2) of the Rules of the Supreme Court and the Court of Appeals. *Grisso v. State*, 297 Ark. 546, 763 S.W.2d 661 (1989). Accordingly, we affirm.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. The appellant petitioned in the trial court pursuant to Rule 37 and was denied. He then petitioned to correct an illegal sentence and was denied. We affirm the most recent denial pursuant to Rule 9(e)(2) of the Rules of the Supreme Court. The appellant makes it plain in his petition why he believes he should have relief. I have no difficulty

understanding the argument in his brief.

Nevertheless, even if we addressed his argument on its merits, the appellant still would not prevail. He is under the mistaken impression that theft of property is a lesser-included offense of burglary. The appellant argues that he was convicted and punished for two crimes arising from one criminal course of conduct, and that burglary cannot be committed without the commission of an underlying offense. Relying on *Wilson* v. *State*, 277 Ark. 219, 640 S.W.2d 440 (1982), the appellant erroneously analogizes his case to one in which a conviction and penalty for first-degree battery were set aside and a conviction and penalty for aggravated robbery were affirmed. In *Wilson*, however, the former offense was in fact a lesser-included offense of the latter. See, *e.g.*, *Thomas* v. *State*, 280 Ark. 593, 660 S.W.2d 169 (1983), which discusses battery as a lesser-included offense of robbery and distinguishes cases in which first-degree battery convictions were set aside as lesser-included offenses, citing *Robinson* v. *State*, 279 Ark. 61, 648 S.W.2d 446 (1983); *Sanders* v. *State*, 279 Ark. 32, 648 S.W.2d 451 (1983); *Akins* v. *State*, 278 Ark. 180, 644 S.W.2d 273 (1983).

It is a misinterpretation of the law to assert, as the appellant has done, that burglary cannot be committed without the commission of an underlying offense. The burglary statute, Ark. Code Ann. § 5-39-201(a) (1987), requires only that a person enter or remain "unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." The actual "underlying offense" need not be accomplished; rather, burglary only requires entry with the purpose or intent to commit any offense punishable by imprisonment. Thus, burglary does not, by definition, entail the commission of theft of property or any other specific crime — it simply involves an unlawful entry "with the purpose of committing . . . any offense punishable by imprisonment."

While it is true, and is perhaps a somewhat fine distinction, that burglary can be accomplished by unlawful entry with the intent to commit theft of property, the offense of theft of property is separate and distinct because its elements are not the same as those necessary to prove burglary. Theft of property, as defined in Ark. Code Ann. § 5-36-103(a) (1987), requires knowingly taking

or exercising unauthorized control over, or obtaining, the property of another person "with the purpose of depriving the owner thereof."