## D.J., A JUVENILE *v.* STATE of Arkansas

91-223                                    821 S.W.2d 782

Supreme Court of Arkansas
Opinion delivered January 21, 1992
[Rehearing denied February 17, 1992.]

*Thomas J. Pendowski*, for appellant.

*Winston Bryant*, Att'y Gen., *Teena. L. White*, for appellee.

STEELE HAYS, Justice. Appellant, D.J., age thirteen, was adjudged a juvenile delinquent in July 1990 for repeated acts of shoplifting. He was placed on indefinite probation. Later he was charged with violating conditions of his probation, burglary, three counts of theft and one count of theft by receiving. These offenses resulted in a second adjudication of delinquency and commitment to the intake unit of the Youth Services Center.

The juvenile filed notice of appeal to the chancery court and moved that he be released pending appeal. The court entered an order setting a bond in the amount of $15,000 to insure his appearance, making specific reference to Ark. R. Crim. P. 36.6, Ark. Code Ann. § 16-91-109 (1987) and Ark. R. Crim. P. 9.2(b)(ii). Appellant filed a motion to reduce the appeal bond but the motion so far as we can determine, was not addressed.

On appeal, appellant relies on Ark. Code Ann. § 9-27-343(a) (1987), which provides that all appeals from juvenile courts shall be in the same time and manner as appeals from chancery court.

He argues that Rule 36.6 and § 16-91-109[1] are intended to apply to criminal appeals and the chancellor erred in refusing to order a supersedeas bond consistent with chancery appeals.

The abstract consists of two sentences:

> At the close of the sentencing phase of Appellants adjudication hearing appellant requested that an appeal bond be set (T 388-389). The Court by written Order entered Nunc Pro Tunc directed that a bond be set pursuant to A.C.A. § 16-91-109 and A.R.C.P. 36.6 (T 303-304).

We decline to address the argument. Sup. Ct. Rule 9 provides that the abstract should consist of only such material parts of the pleadings, proceedings, facts, documents and other matters in the record as are necessary to an understanding of questions presented to the appellant for decision. The word "only" is emphasized to stress that extraneous material should be omitted. However, some portions of the record are essential to an adequate understanding of the specific issues. They normally include at a minimum motions and orders relative to the argument raised. Scores of our cases have tried to shed light on what the rule contemplates and will be found in abundance in the Research Reference notes under Rule 9. A narrative statement which merely recites in the barest terms the general question for review does not constitute an abstract.

Affirmed.

---

[1] Act 31 of 1987 repeals Ark. Code Ann. § 16-91-109 (1987).