Linda R. KELLEY (Dachenhaus), Individually and as
Mother and Next Friend of Alexandrea Kelley, A Minor *v.*
Gilbert E. MEDLIN

91-325           827 S.W.2d 655

Supreme Court of Arkansas
Opinion delivered April 13, 1992

*Gary Eubanks & Associates,* by: *James Gerard Schulze* and
*Hugh F. Spinks,* for appellant.

*Lovett Law Firm,* by: *Brian P. Boyce,* for appellee.

JACK HOLT, JR., Chief Justice. This case involves an
automobile accident that occurred on June 1, 1987, in which the
appellee, Gilbert Medlin, struck the rear of the car driven by the
appellant, Linda Kelley. Ms. Kelley's infant daughter, Alexandrea, was a passenger in the car.

Ms. Kelley filed suit against Mr. Medlin claiming damages for property, permanent personal injury, medical expenses, pain and suffering, mental anguish, loss of work time, and loss of working capacity. The case was tried before a jury, and the jury found in favor of Ms. Kelley and awarded her $745.70 in damages.

Ms. Kelley appeals and claims 1) that the trial court erred in refusing to instruct the jury on lost earning capacity, and 2) that the trial court erred in instructing the jury on an inapplicable statute. Neither of these arguments has merit, and we affirm the judgment of the trial court.

Initially, Ms. Kelley asserts that the trial court erred in refusing to instruct the jury on lost earning capacity. However, although she has abstracted her colloquy with the trial court concerning the basis of her objection, Ms. Kelley has failed to both proffer and abstract the desired jury instruction as part of her appeal. These lapses are fatal to her appellate argument, and we will, therefore, not address this issue. *Pearson* v. *State*, 307 Ark. 360, 819 S.W.2d 284 (1991); *see also Mitchell* v. *First Nat'l Bank in Stuttgart*, 293 Ark. 558, 739 S.W.2d 682 (1987) (citing *Strickland* v. *Quality Bldg. & Security Co.*, 220 Ark. 708, 249 S.W.2d 557 (1952)).

Next, Ms. Kelley contends that the trial court erred in instructing the jury on an inapplicable statute. Ark. Code Ann. § 27-51-306 (1987) addresses the overtaking of a vehicle on the left and provides as follows:

> The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules stated:
>
> (1)   The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle;
>
> (2)   Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall yield to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

In this case, Ms. Kelley testified that her car was in the right hand lane of a four-lane highway (two lanes of traffic going both ways) and that Mr. Medlin's truck hit her from behind. She stated that she was never in the left hand lane and that she did not pull over in front of Mr. Medlin in the right hand lane. In contrast, Mr. Medlin testified that his truck was in the right hand lane and that Ms. Kelley's car came around the left hand lane and cut in front of him.

■ In her brief, Ms. Kelley claims that "[t]he statute obviously contemplates passing on a two lane highway where oncoming traffic approaches in the left lane. The statute simply does not apply on a controlled access four-lane highway where vehicles may pass to the left or the right." Ms. Kelley cites no authority for her position, and, in fact, her argument encompasses the ability of vehicles traveling on a four-lane highway to pass on the left. The wording of the statute also supports this interpretation. Furthermore, the conflict in the testimony as to the relative positioning of the parties' vehicles justifies the trial court's giving this instruction.

■ We note that, even if there were some basis for a claim of error in the giving of this statute as an instruction, Ms. Kelley's argument is of no merit because she was the prevailing party on this issue in the trial court, and she should not now be heard to complain. *See Cates* v. *Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983).

Consequently, the judgment of the trial court is affirmed.