Ryan BYNUM *v.* Patricia SAVAGE

92-660                                                            847 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered February 22, 1993

*Griffin J. Stockley* and *Jeanette Whatley* of Central Arkansas Legal Service, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeanette L. Hamilton*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This appeal arises from a temporary guardianship proceeding. The appellee, Patricia Savage, and her husband are the grandparents of one-year-old Ryan Bynum, the appellant. The Savages petitioned *ex parte* for an emergency order of temporary guardianship of the child. The order was granted. Then Georgina Bynum, the child's mother, appeared and asked the Probate Judge to set aside the order. Her petition was granted. She nevertheless appeals, challenging the constitutionality of the temporary guardianship law. Ark. Code Ann. § 28-65-218 (Supp. 1991). We must dismiss the appeal.

In her petition to set the guardianship aside, Georgina Bynum argued her right to due process of law had been violated by granting the temporary guardianship without notice to her. She denied the allegations of parental unfitness and requested a hearing.

After the hearing, during which the constitutional objections to the temporary guardianship statute were raised, the Probate Court ruled as follows:

> Okay, here's what I'm gonna do. I'm gonna set aside the tempor—the ex parte order and circumvent all the constitutional arguments. I'm going to order the child turned over, within forty-eight hours, to the mother and give you [the Savages] that much time to take the facts to the Department of Human Services or the prosecuting attorney's office to determine whether or not any action should be taken.

No objection was voiced to the decision or to the "circumvention" of the constitutional issues.

■ It is undisputed that the Probate Court set aside its temporary order of guardianship just as Georgina Bynum requested, and her complaints about the Probate Court's earlier action are moot. When, however, a case involves the public interest, or tends to become moot before litigation can run its course, or a decision despite mootness might avert future litigation, we have, with some regularity, refused to permit mootness to become the determinant. *See, e.g., Campbell* v. *State*, 300 Ark. 570, 781 S.W.2d 14 (1989).

■ This is the kind of case we might decide if mootness were our only impediment. Temporary guardianships last only ninety days, Ark. Code Ann. § 28-65-218(a)(Supp. 1991), and clearly it would be difficult for us to reach a decision on appeal within that time. But for other circumstances having to do with the bringing of this appeal, we might be inclined to consider the issues presented as "capable of repetition, yet evading review." *DeFunis* v. *Odegaard*, 416 U.S. 312 (1974). Not only is that circumstance present, but the constitutional issues which might have been addressed are substantial, and the statutory scheme is suspect. A parent has a fundamental liberty interest in the care, custody, and management of his or her child. *See Santosky* v. *Kramer*, 455 U.S. 745 (1982). Georgina Bynum questions the failure of the statute to provide for notice to parents of the imposition of a temporary guardianship of a child under 14 and its failure to provide for a hearing within three days of the entry of the order of temporary guardianship. Arkansas Code Ann. § 28-65-218(d) (Supp. 1991).

■ This is not, however, just a moot case in which substantial issues could be considered. Rather, the party asking

us to consider an otherwise moot issue obtained exactly the relief she requested. A party who prevails has no ground for appeal. *Kelley* v. *Medlin,* 309 Ark. 146, 827 S.W.2d 655 (1992). Nor has there even been a trial court ruling of any sort on the issues Georgina Bynum would have us decide. With the exception of the contempt power and certain listed writs, this Court has only appellate jurisdiction. Ark. Const. art. 7, § 4; *Levy* v. *Albright,* 204 Ark. 657, 163 S.W.2d 529 (1942). We decline to be placed in the position of making original, as opposed to appellate, decisions. *Trice* v. *City of Pine Bluff,* 282 Ark. 251, 667 S.W.2d 952 (1984); *Weston* v. *State,* 265 Ark. 58, 576 S.W.2d 705 (1979); *Ward School Bus Mfg.* v. *Fowler,* 261 Ark. 100, 547 S.W.2d 394 (1977).

Appeal dismissed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. It overstates the case a bit to say the appellant obtained exactly the relief she requested of the chancellor. The prayer of her petition to set aside the ex parte order granting custody of Ryan Bynum asked that the court declare unconstitutional specific portions of Ark. Code Ann. § 28-65-218 (Supp. 1991) that permit a minor fourteen years of age or under to have a temporary guardianship imposed without notice and without other protections accorded under the Constitution. True, the chancellor "circumvented" those issues by vacating the order, but on a deferred basis to enable appellee to seek other expediences. Beyond that, the record is silent. Thus the case demonstrates how the mootness doctrine can, and often does, defeat the real concerns of the litigant.

The question presented here may be moot with respect to Ryan Bynum, but the asserted flaws in the statutory procedure have hardly been resolved. I believe the better path, and the one we have often taken, would be to address the issues, even though the underlying problem may no longer exist.