Frances WATSON *v.* STATE of Arkansas

CR 92-1251                                   854 S.W.2d 332

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*McCullough Law Firm*, by: *R.S. McCullough* and *Rita F. Bailey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Frances Watson, appeals her conviction for two counts of endangering the welfare of a minor under Ark. Code Ann. § 5-27-203 (1987) and her sentence of six years on each count. She raises four points on appeal. In each instance, however, she has failed to comply with Rule 4-2 of the Supreme Court Rules, formerly Rule 9. We affirm the convictions and sentences on the basis of Rule 4-2.

On September 24, 1988, there was a fire in the home of the appellant in Little Rock. At the time of the fire, two minor children — Anthony Scott and Daniel Toric — were locked in the appellant's attic. Anthony Scott died in the fire, while Daniel Toric was rescued by Rita Watson, the appellant's daughter. Toric suffered smoke inhalation.

The appellant was subsequently charged with two counts of endangering the welfare of the minors under Ark. Code Ann. § 5-27-203. Prior to trial, she moved to dismiss the charges on the basis that she was not the parent or legally charged with care of the children and that § 5-27-203 contemplates that status for a violation to occur. Following a hearing, the circuit court denied the motion.

At the trial of this matter, which covered four days, the appellant reiterated that she was neither a parent nor legally responsible for the two children. She said that she simply took the children in as a favor to their respective natural mothers.

Rita Watson, the appellant's daughter, was called as a witness by the state, but she refused to testify, invoking her Fifth Amendment rights. The circuit court then declared her to be unavailable. She had given a previous statement to a Little Rock police detective, and that statement was read to the jury.

At the close of all evidence, the jury was instructed that the state had to prove that the appellant was the "person charged with the supervision" of the two minors and had purposely deserted them, thereby creating a substantial risk of death or serious physical injury to them.

The jury found the appellant guilty, and she was sentenced to

six years on each count.

For her first point, the appellant urges that it was error for the trial judge to deny her motion to dismiss raised prior to trial and her later motions to dismiss made at trial because she did not fall under the terms of § 5-27-203. The appellant, however, only abstracted her first motion to dismiss which was denied before the trial began. In that motion, she did not argue that the charges against her did not state a criminal offense. Rather, she contended that she was not legally responsible for the two minors and did not endanger their lives.

There is no provision in our law permitting a motion to dismiss before the State has had an opportunity to prove its case, and we underscored that point in an earlier appeal taken in this case. *See State* v. *Watson*, 307 Ark. 333, 820 S.W.2d 59 (1991); *see also Hardcastle* v. *State*, 25 Ark. App. 157, 755 S.W.2d 228 (1988). Furthermore, without an abstract of the motions to dismiss made at trial, we cannot determine the arguments made or the trial judge's ruling. That information is vital to a decision on this point, and it is not before us. If such motions were not made, then it is axiomatic that the issue is not preserved for our review. *See, e.g., Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992).

Secondly, the appellant argues that the instruction given on the criminal offense is not a correct statement of the law. Yet she only abstracts part of the instruction given. Moreover, she fails to abstract for our perusal arguments by counsel on this point, any proffer of a substituted instruction, and the ruling on the motions by the trial judge. As a consequence, we are also left in the dark on this point. If no proffer of a substituted instruction was made, that too is fatal to the appellant's ability to raise the issue on appeal. *Kelley* v. *Medlin*, 309 Ark. 146, 827 S.W.2d 655 (1992).

Thirdly, the appellant argues that admitting into evidence a taped statement of her daughter, Rita Watson, taken by a Little Rock police detective was error. Rita Watson invoked the Fifth Amendment at the trial, and the issue was whether the prior statement could be used because of her "unavailability." No ruling by the trial judge on this point is abstracted, though the taped statement is. Indeed, the abstract reflects that the judge

was undecided on the question. Without the trial judge's ruling, we have no basis for a decision. And if no ruling was obtained, the appellant has waived the argument. *Richardson v. State*, 292 Ark. 140, 728 S.W.2d 189 (1987).

For her final point, the appellant argues that the prosecutor "personalized" her closing argument to the jury. There is no abstract of the prosecutor's closing argument. The appellant does sprinkle several of the prosecutor's statements with which she took umbrage throughout the argument portion of the brief. But this is not sufficient. We have said that scattering transcript references throughout an argument is not a substitute for a proper abstract. *Kitchen v. State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

We hold, in light of the above, that the appellant's abstract is flagrantly deficient, and we decline to address her arguments due to her failure to comply with Rule 4-2(a)(6) of the Supreme Court Rules. *See D.J. v. State*, 308 Ark. 37, 821 S.W.2d 782 (1992); *Harrison v. State*, 300 Ark. 439, 779 S.W.2d 536 (1989); *Roberts v. State*, 288 Ark. 640, 707 S.W.2d 324 (1986) (*per curiam*). We emphasized in *Kitchen v. State, supra*, the virtual impossibility of having seven judges read the one record filed in connection with an appeal. Accordingly, we are confined in our review to what is abstracted in the briefs, and we will not explore the record for prejudicial error, except in death or life imprisonment cases where a motion, objection, or request on the point at issue was made before the trial judge. *See* S. Ct. R. 4-3(h), formerly S. Ct. R. 11(f). The conviction and sentence are affirmed.

Affirmed.