Ronnie HAYNES *v.* STATE of Arkansas

CR 93-58 855 S.W.2d 313

Supreme Court of Arkansas
Opinion delivered June 7, 1993

*William R. Simpson, Jr.,* Public Defender, by: *Kent C. Krause,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Teena L. White,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Ronnie Haynes was convicted of aggravated robbery, sexual abuse, and misdemeanor theft. He was sentenced as a habitual offender to 40 years for the robbery and 10 years for sexual abuse, with the two sentences to run concurrently. A six-month sentence in the Pulaski County Jail for misdemeanor theft was merged into the felony convictions. He appeals on one ground — the trial court's disallowance of the testimony of a defense witness who was a police officer and who was known to the State. We affirm the convictions and sentences.

The criminal charges arose out of an incident in Little Rock which occurred at a video store at about 1:00 p.m. on April 30, 1991. According to the victim, age 20, who worked at the store as a clerk, Haynes entered the business on two occasions and looked around. His total time in the store was 30 to 45 minutes. He then pulled a gun, took money from the cash register, and forced the victim into the men's bathroom where he ordered her to remove

most of her clothing and lie on the floor. He lay on top of her and simulated sex and fondled her breasts, though he did not rape her. He left her after a few minutes but told her to remain in the bathroom. After the assault, a friend from the business next door came into the video store, discovered the victim, and called the Little Rock Police Department.

At the trial, the victim was questioned on cross examination about whether she told the first investigating police officer about what transpired in the men's bathroom. She responded that she told the police officer her full story but did not know if he recorded the incident in the bathroom or not. Haynes argued his own case in closing argument and attempted to refer to the absence of a police record concerning the bathroom assault, but the State objected on grounds that the officer's report was not in evidence. The trial court sustained the objection. Haynes was then convicted and sentenced.

The essence of Haynes's argument on appeal is that the trial court erred at the beginning of the trial in disallowing the testimony of the police officer who first interviewed the victim. The court's disallowance, according to Haynes, was premised on the failure of the defense to provide the witness's name to the State as required by Ark. R. Crim. P. 18.3. Haynes argues that the State already had the name of the police officer and his report in its file and, thus, the State could not have been surprised or prejudiced by this witness. The State counters on appeal; however, that regardless of the merits of this argument, the issue was not preserved for our review because Haynes failed to make a proffer of the actual police report at trial or to proffer what was contained in the report.

We affirm the convictions and sentences but not for the reasons offered by the State. Haynes failed to abstract any of the hearing that occurred at the beginning of the trial surrounding whether the first investigating officer was a proper witness. Nor are the discussions which occurred at the hearing quoted in the argument portion of the briefs. We, as a consequence, are uninformed about what motion or objection was made by the State relative to this testimony, the response by the defense, and the ruling by the court. There is a reference in the abstract to Haynes's closing argument and his attempted allusion to the

officer's report. But the essential colloquy involving the trial court and counsel for the parties which transpired at the inception of the trial and which pertained to this witness is lacking.

 Our rule is clear on this point and has been for decades. Without proper abstracting, seven justices would be constrained to pore through the sole record of the case on file with the Clerk of the Supreme Court in search of the error propounded by the defense. We have said repeatedly, and our rule so states, that we will not go to the record in research of prejudicial error. *See* Ark. Sup. Ct. R. 4-3(h), formerly Ark. Sup. Ct. R. 11(f). While the result may appear harsh, we have no other mechanism to protect against egregious violations of the rule except to affirm in instances like this.

In sum, we simply do not have an abstract of the pivotal hearing before us necessary to decide the issue presented. When an abstract's deficiencies are so flagrant that a decision is well nigh impossible, we will affirm. Ark. Sup. Ct. R. 4-2(a)(6), formerly Rule 9; *see also Watson v. State*, 313 Ark. 304, 854 S.W.2d 332 (1993); *D.J. v. State*, 308 Ark. 37, 821 S.W.2d 782 (1992); *Harrison v. State*, 300 Ark. 439, 779 S.W.2d 536 (1989); *Roberts v. State*, 288 Ark. 640, 707 S.W.2d 324 (1986) (*per curiam*). Such is the situation in the case before us.

Affirmed.