Harvey HARRIS *v.* STATE of Arkansas

CR 93-867                                      868 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered December 20, 1993

*Sam Whitfield, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sherry L. Daves*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Harvey Harris brings this appeal from his convictions on two counts of delivery of a controlled substance. He was sentenced to twenty-years imprisonment and a $5,000 fine on each count. His sentences were ordered to be served consecutively. For reversal, he raises three points on appeal.

In Harris's first argument, he claims the state failed

to establish a proper chain of custody before introducing into evidence the crack cocaine Harris purportedly sold a confidential informant on two different occasions. The state points out that Harris has failed to abstract any objection to the admissibility of these cocaine exhibits, and therefore, this issue is not preserved for appellate review.[1] The state is correct. Nowhere in the abstract is Harris's objection, nor can we find the prosecutor's response or the trial court's ruling on this point. In the recent case of *Haynes* v. *State*, 313 Ark. 407, 855 S.W.2d 313 (1993), we reiterated the court's reasons for requiring an abstract of the record that supports those issues argued on appeal. We stated the following:

> Our rule is clear on this point and has been for decades. Without proper abstracting, seven justices would be constrained to pore through the sole record . . . in search of the error propounded by the defense. We have said repeatedly, and our rule so states, that we will not go to the record in research of prejudicial error. [W]e have no other mechanism to protect against egregious violations of the rule except to affirm in instances like this.

*See also, Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993); *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993).

Harris's second argument is that he was denied a fair trial because of ineffective assistance of counsel. We can find nowhere in the abstract of record that Harris timely asserted this ineffective counsel claim either during or upon motion after the trial. In these circumstances, he may not raise this post-conviction claim on direct appeal. *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993).

Finally, Harris contends that the trial court erred in the procedure used to select five jurors. This argument, too, is not preserved for appellate review because the voir dire proceedings

---

[1]We note that in his reply brief, Harris requested that he be permitted to supplement his abstract, but that request was without a prior timely motion, and as a matter of course, would not (and did not) come to the court's attention until after this case was submitted to the court for decision. It is not permissible to supply a deficiency in the abstract of the record in a reply brief. *Jones* v. *Reed*, 267 Ark. 237, 590 S.W.2d 6 (1979).

have not been abstracted. Although he makes reference to a few transcript pages and some abbreviated colloquy, this court has said that scattering transcript references thoughout an argument is not a substitute for a proper abstract. *Watson*, 313 Ark. 304, 854 S.W.2d 332; *Ketcher* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). For the foregoing reasons, we affirm.