J.T. MONCRIEF *v.* STATE of Arkansas

CR 96-166                                925 S.W.2d 776

Supreme Court of Arkansas
Opinion delivered June 24, 1996

*Winfred A. Trafford* and *Green, Henry & Green*, by: *J. W. Green, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal involves a charge brought against appellant J.T. Moncrief for violation of Ark. Code Ann. § 16-15-109 (Repl. 1994), which makes it unlawful for a county official to develop an "interest" in a county contract. Following a jury trial, Moncrief was convicted of the charge, a misdemeanor, and fined $500. As a result of the conviction, he was later removed from his office of County Judge of Lincoln County pursuant to § 16-15-109(b). He appeals both the judgment against him and his removal from office. We do not address the merits of the appeal because we find the appellant's abstract of the record to be flagrantly deficient under Ark. Sup. Ct. R. 4-2(b). For that reason, we affirm.

On July 6, 1995, this case was tried to a jury. The testimony at trial was that after an ice storm in Lincoln County, the county

received federal financial assistance (FEMA funds) to make repairs and clean up the roads. Moncrief reviewed bids for the project and chose Hal Garrison as the contractor to perform the work. Garrison, however, needed a performance bond before he could finalize the arrangement with Lincoln County. In order to obtain the bond, Garrison went to the Bank of Star City with Moncrief and Weldon Wynn, a bond writer, and sought a $4,000 dollar loan from the bank to be used for a ten percent cash bond. Moncrief assured a lending officer of the bank, Mark Owen, that he would make sure that the bank got paid and that there would be no risk in the bank's making the loan to Hal Garrison. Moncrief then signed a personal guaranty on July 1, 1994, to repay the $4,000 promissory note made by Garrison, and in return, the bank issued a cashier's check in the amount of $4,000 payable jointly to Garrison and Moncrief.

Moncrief never revealed to the Lincoln County Quorum Court that he had guaranteed the note for Garrison and, in fact, told Quorum Court members when asked that he was not directly responsible for Garrison's obtaining the $4,000. Garrison paid off the note, and the bank employee handling the loan testified that Moncrief never received any money or other benefit from his involvement in the Hal Garrison loan.

The jury returned a guilty verdict and fixed Moncrief's sentence at a fine of $500.00. On July 11, 1995, the trial court entered an order in accordance with the verdict. On that same day, the State filed a petition for removal of appellant as county judge pursuant to Ark. Code Ann. § 16-15-109(b) (Repl. 1994). The following day, the trial court entered an order granting the petition.

Moncrief first contends that there was no evidence that he was "interested" in any contract or transaction made or entered into in Lincoln County as required by § 16-15-109(a)(1), and thus, the trial court erred in not entering a judgment of acquittal. The State responds that this point must be affirmed because Moncrief did not abstract any motion for a directed verdict or the trial court's ruling, all of which is in violation of Ark. Sup. Ct. R. 4-2(a)(6). The State is correct.

In *Taylor v. State*, 299 Ark. 123, 771 S.W.2d 742 (1989), this court did not reach the merits of the defendant's challenge to the sufficiency of the evidence to support a guilty verdict in part because the defendant failed to abstract the motion for directed

verdict. We stated:

> We do not reach the merits of Taylor's claim because he failed to abstract his motion for directed verdict and because he never challenged the sufficiency of the evidence below on the grounds the State failed to prove premeditation and deliberation.
>
> Parties have an affirmative obligation to abstract those portions of the record relevant to the points on appeal, and the record is confined to that which has been abstracted. It is equally axiomatic that arguments made for the first time on appeal will not be considered by this court, and parties cannot change the grounds for an objection on appeal.

*Id.* at 124, 771 S.W.2d at 743 (citations omitted). Following suit, in *Brown v. State*, 316 Ark. 724, 875 S.W.2d 828 (1994), we refused to address the merits of a challenge to the sufficiency of the evidence because the defendant's abstract did not sufficiently reflect the content of his motions for directed verdict at the trial court level. We stated:

> Appellant's abstract reflects that at the conclusion of the State's case he "[m]oved for a directed verdict," which was denied, and at the end of the case he "renewed motion for a directed verdict," which was denied. Appellant's record on appeal is limited to that which is abstracted. Thus, we do not know whether the motion to the trial court applied to one, two, or all three of the charges, and we do not know the specific grounds of the motion or motions.

*Id.* at 727, 875 S.W.2d at 830.

In the instant case, we cannot tell from the abstract that Moncrief actually moved for a directed verdict at all, much less the content and basis of his motions. His Statement of the Facts and Argument do refer to motions for a directed verdict and to a denial of those motions, but this court has explained that such scattered references are not a substitute for a proper abstract. *See, e.g., Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994); *Watson v. State*, 313 Ark. 304, 854 S.W.2d 332 (1993).

In his Reply Brief, Moncrief relies on *Fight v. State*, 314 Ark. 438, 863 S.W.2d 800 (1993), for the point that since the State does not deny that Moncrief made the motions and that they were

denied, this court should address the merits. The *Fight* case is distinguishable, though. In *Fight*, the defendant's abstract did indicate that the motions for a directed verdict had been made. Indeed, in *Fight* we took pains to distinguish *Taylor* v. *State, supra*, and similar cases which totally failed to abstract motions. Because the abstract in this case does not show in any way that motions for a directed verdict were made, *Fight* v. *State, supra*, is not controlling. We affirm for violation of Ark. Sup. Ct. R. 4-2(a)(6).

Moncrief next asserts that he moved to dismiss the criminal charge before the jury trial on the basis that the criminal information did not set forth sufficient allegations and facts to support a criminal charge and he could not prepare a defense based on the insufficient information and that the information was unconstitutionally vague. The State again responds that Moncrief's abstract is deficient on this point because he failed to abstract any ruling by the trial court on the motion to dismiss.

■■ We agree that the abstract is lacking on this issue. Moncrief did abstract his two motions to dismiss. However, there is nothing in the abstract to show that he ever obtained a ruling by the trial court on his motions, and this court has emphasized time and again that the record on appeal is confined to that which is properly abstracted. *See, e.g., Brown* v. *State, supra*. Moreover, we have held numerous times that the burden of obtaining a ruling is on the movant, and objections and questions left unresolved are waived and may not be relied upon on appeal. *See, e.g., Watson* v. *State, supra*; *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80, (1986). Both the arguments made to the trial court and the trial court's ruling are vital to this court's decision on review. *Watson* v. *State, supra*. Without the trial judge's ruling or order, we have no basis for a decision. *See Johnson* v. *State*, 316 Ark. 509, 872 S.W.2d 400 (1994) (per curiam). Hence, we must also affirm the judgment and order below on this point because Moncrief's abstract is flagrantly deficient. *See* Ark. Sup. Ct. R. 4-2(b).

For his next point, Moncrief asserts that the trial court erred in allowing Betty Dickey, the prosecuting attorney who had been disqualified on her own motion, to sit at the counsel table with the special prosecutor. Moncrief asserts that Wayne Juneau, a deputy prosecuting attorney in Dickey's office, testified for the State, and because of this, allowing Dickey to sit inside the bar amounted to a comment on the evidence. The State responds once again that the

abstract is flagrantly deficient with respect to this issue, and there-fore the issue should be decided in the State's favor.

■ We agree. The abstract contains only the motion for appointment of the special prosecutor filed by Dickey and the order granting the motion and appointing a special prosecutor. The abstract contains nothing further regarding Dickey's seat at the counsel table. As we have previously noted, scattering references throughout a Statement of the Case and Argument is not a substi-tute for a proper abstract. *See, e.g., Watson v. State, supra.* Since failure to make a timely objection waives the objection, [*Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995)], and the record on appeal is limited to that which is abstracted, we affirm this point based on Moncrief's failure to abstract any objection and ruling on the objection. *See Stone v. State*, 321 Ark. 46, 900 S.W.2d 515 (1995).

■ Moncrief states as his fourth argument that he objected at the trial level to any action being taken by the trial court in Jefferson County on the petition for his removal for a cause of action that was tried in Lincoln County. He makes the additional argument that his removal from office constituted double jeopardy. The State responds that the abstract does not contain any hearing or any objections made by him on this point, and therefore this point should be affirmed. Again, the State is right. In fact, the abstract does not contain any response or objection to the State's petition for removal whatsoever. Based on the previous discussion, we will not address this point.

For his final point, Moncrief urges that Article 5, Section 9, of the Arkansas Constitution provides that a person may be removed from public office if he is convicted of "embezzlement of public money, bribery, forgery, or other infamous crime" and that here he was only convicted of a misdemeanor, which is not listed in Ark. Const. art. 5, § 9. Hence, he argues that his removal from office was unconstitutional. The State responds that Moncrief did not abstract any such argument made to the trial court or any hearing on this point. Accordingly the issue should be resolved in favor of the State. We agree.

■ Again, the record on appeal is confined to that which has been abstracted, and the abstract in the instant case does not reflect that Moncrief raised this constitutional argument before the trial

court. Even constitutional arguments are waived unless raised before a trial court. *Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994). Moreover, without the abstract of the hearing we are left in the dark as to what transpired before the trial court. *See Pogue* v. *State*, 316 Ark. 428, 872 S.W.2d 387 (1994); *Haynes* v. *State*, 313 Ark. 407, 855 S.W.2d 313 (1993). We will not address this argument.

Finally, Moncrief requests in his Reply Brief that if this court determines that his abstract is deficient, he should be allowed time to revise his brief to conform to Ark. Sup. Ct. R. 4-2(a)(6). Ark. Sup. Ct. R. 4-2(b)(2) provides that if the court determines that an affirmance for noncompliance with the abstracting rules is unduly harsh, "the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6)."

In *Harris* v. *State*, 315 Ark. 398, 868 S.W.2d 58 (1993), we affirmed the defendant's convictions on two counts of delivery of a controlled substance on the basis that his abstract was flagrantly deficient. In a footnote, we noted:

> We note that in his reply brief, Harris requested that he be permitted to supplement his abstract, but that request was without a prior timely motion, and as a matter of course, would not (and did not) come to the court's attention until after this case was submitted to the court for decision. It is not permissible to supply a deficiency in the abstract of the record in a reply brief.

*Id.* at 399, 868 S.W.2d at 59 (citation omitted). Similarly, in the instant case, Moncrief did not file a prior timely motion requesting that he be allowed to revise his brief to provide a sufficient abstract.

In *Young* v. *State*, 308 Ark. 372, 823 S.W.2d 911 (1992), this court allowed an appellant to supplement his abstract and brief. The *Young* case differs, however, from the instant case in that in *Young* the appellant's attorney filed a motion requesting that he be allowed to supplement his abstract and brief. We stated:

> Since the case is not yet ready for submission, we grant the motion and allow the appellant fifteen days within which to file a substituted abstract and brief.
>
> Rule 9(e)(2) of the Rules of the Supreme Court and Court of Appeals provides that, when it does not cause an unreasonable or unjust delay in the disposition of an appeal,

an appellant's attorney may be allowed time to reprint his brief, at his own expense, to conform to Rule 9(d). Granting the motion in this case will not cause an unjust delay since the case is not yet ready for submission and other cases are ready for submission.

*Id* at 372, 823 S.W.2d at 911; *see also Dixon Ticonderoga Co.* v. *Winburn Tile Manufacturing Co.*, 322 Ark. 817, 911 S.W.2d 955 (1995).

In short, Moncrief's failure to move to supplement or substitute his abstract prior to the submission of this case for decision is fatal to his appeal. To decide otherwise would unjustly delay the disposition of this matter.

Affirmed.

DUDLEY, J., not participating.