Gary Duaine DAVIS *v.* STATE of Arkansas

CR 96-251                                        925 S.W.2d 402

Supreme Court of Arkansas
Opinion delivered July 1, 1996

*Ann C. Hill*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant was convicted of robbery and sentenced to forty years in prison. He raises two issues on appeal, neither of which merit reversal.

At the beginning of voir dire, the appellant, who is African-American, observed that none of the forty-two venirepersons assembled were African-American. He moved to quash the jury panel. The judge denied the motion to quash and entered into the record a copy of his order that created the master list from which this panel was drawn. The order directed the county's circuit clerk and computer programmer to create a master list of petit jurors pursuant to Ark. Code Ann. § 16-32-103(a) (Repl. 1994). That statute mandates random selection of prospective jurors from a list of registered voters.

Selection of a jury from a representative cross-section of the community is an essential component of the Sixth Amendment right to trial by jury. The State may not deliberately or systematically deny to members of a defendant's race the right to participate, as jurors, in the administration of justice. *Sanders v. State*, 300 Ark. 25, 776 S.W.2d 334 (1989). If a defendant contends that such systematic or deliberate exclusion has taken place, he must prove the following to establish a *prima facie* case: 1) the group alleged to be excluded is a distinctive group in the community; and 2) the representation of this group in the venire from which the juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) this underrepresentation is due to systematic exclusion of this group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357 (1979).

There is no requirement that the jury which is chosen mirror the community and reflect the distinctive groups in the population. *Sanders v. State, supra.* A defendant does not meet his burden of proof by simply showing that the venire is not racially representative of the community. *Mitchell v. State*, 323 Ark. 116, 913 S.W.2d 264 (1996). In this case, the appellant presented no proof

regarding the second and third elements set forth in *Duren*. We have noted in particular where proof of a systematic exclusion of the distinctive group is completely lacking, there is no basis for a motion to quash the jury panel. *Walker* v. *State*, 314 Ark. 628, 864 S.W.2d 230 (1993). We have also recognized that where the venire is chosen by computer, using the random-selection process mandated by § 16-32-103, there is no possibility of a purposeful exclusion of African-Americans. *Sanders* v. *State*, *supra*; *Thomas* v. *State*, 289 Ark. 72, 709 S.W.2d 83 (1986). The trial court's denial of the motion to quash is therefore affirmed.

■ The appellant's second issue concerns the victim's identification of him in a photographic lineup. The photograph of the appellant which was used in the lineup was taken by the Hot Springs Police Department on October 4, 1994. At the time, the appellant was under arrest for aggravated robbery, an offense unrelated to this case. According to the appellant, the arrest on the aggravated robbery charge was ruled invalid by a federal magistrate. Therefore, he argues, the photograph was the product of an illegal arrest and should not have been used in this case. At trial, he moved to suppress the victim's identification of him in the lineup and the victim's identification of him in court. Unfortunately, we are unable to consider this issue. The appellant's abstract is completely devoid of trial testimony. The record on appeal is confined to that which is abstracted. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). Without an abstract of the trial proceedings, we are unable to assess the impact of the allegedly tainted photograph on the trial or determine whether prejudice resulted.

Affirmed.

DUDLEY, J., not participating.