ABC HOME HEALTH OF ARKANSAS, INC., Appellant *v.* ARKANSAS HEALTH SERVICES COMMISSION, Appellee; Care Network, Inc., Intervenor; Visiting Nurse Association of Arkansas, Intervenor

96-486                                932 S.W.2d 331

Supreme Court of Arkansas
Opinion delivered November 11, 1996
[Petition for rehearing denied December 16, 1996.]

*William H. Trice, III,* and *Scott G. Lauck,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Harold W. Hamlin,* Asst. Att'y Gen., for appellee Arkansas Health Services Commission.

*Jack, Lyon & Jones, P.A.,* by: *John W. Fink,* for intervenor Visiting Nurse Association of Arkansas.

DONALD L. CORBIN, Justice. Appellant, ABC Home Health of Arkansas, Inc., appeals the order of the Pulaski County Circuit Court affirming the decision of Appellee, Arkansas Health Services Commission, to deny Appellant's applications for permits to operate a home health services company in numerous Arkansas counties. This appeal requires our interpretation of the statute on the powers and duties of the Arkansas Health Services Commission and the Arkansas Health Services Agency, Ark. Code Ann. §§ 20-8-103 and 20-8-104 (Repl. 1991). Therefore, jurisdiction is in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(17)(vi). We cannot reach the merits of the appeal, however, due to a flagrantly deficient abstract. Accordingly, we affirm pursuant to Ark. Sup. Ct. R. 4-2(a)(6).

Appellant makes two arguments for reversal. First, Appellant contends the Commission exceeded its statutory authority when it denied Appellant's applications based on Appellant's inability to demonstrate need. Second, Appellant contends alternatively that the Commission arbitrarily and capriciously applied its review criteria and methodology for determining need when it denied Appellant's applications. On review of an agency decision, the circuit court is limited to a review of the evidence to determine whether there was substantial evidence to support the agency's decision, and on appeal, this court's review is similarly limited. *Beverly Enter.—Ark., Inc.* v. *Health Servs. Comm'n,* 308 Ark. 221, 824 S.W.2d 363 (1992). To set aside the Commission's denial of Appel-

lant's permits as an arbitrary and capricious agency decision, Appellant must demonstrate that the decision was a willful and unreasoning action, made without consideration and with a disregard of the facts or circumstances of the case. *Id.*

We cannot address the merits of Appellant's arguments because we do not have an abstract of the Commission's decision. Although the abstract does contain a summary of the trial court's decision to affirm the Commission's decision, that is not sufficient for our review as it is the Commission's decision that is at issue on appeal. *Id.* It is impossible for us to determine whether the Commission's decision exceeded the scope of its statutory authority or whether the Commission's decision was arbitrary and capricious when we do not know what the Commission's decision was or the factors that led to it. The abstract of the trial court's decision lends no clarity in this regard. The Commission's decision is therefore necessary for an understanding of the questions presented for our decision, and its omission from the abstract renders the abstract flagrantly deficient. Rule 4-2(a)(6). We have said that "[w]hen an abstract's deficiencies are so flagrant that a decision is well nigh impossible, we will affirm." *Carmical* v. *City of Beebe*, 316 Ark. 208, 212, 871 S.W.2d 386, 389 (1994) (quoting *Haynes* v. *State*, 313 Ark. 407, 409, 855 S.W.2d 313, 315 (1993)). Accordingly, we affirm the order of the circuit court.