932 S.W.2d 764 (1996)
326 Ark. 541
Shannon ALLEN, Appellant,
v.
STATE of Arkansas, Appellee.
No. CR 96-628.
Supreme Court of Arkansas.
November 11, 1996.
*765 Daniel D. Becker, Michael E. Harmon, Hot Springs, for appellant.
J. Brent Standridge, Asst. Atty. General, Little Rock, for appellee.
DUDLEY, Justice.
Shannon Allen was charged with burglary. His abstract reflects that, before trial, he submitted proposed jury instructions to the trial court. The case went to trial, but appellant's abstract does not include a summary of the State's evidence. Following the State's case-in-chief, the trial court reviewed the proposed jury instructions. The abstract reflects that the trial court ruled that it would instruct on residential burglary, but would not instruct on the lesser-included offense of criminal trespass. The abstract does not contain a summary of the ruling, and it does not give the reasons stated by the trial court for the ruling. After the hearing on instructions, appellant took the witness stand. His testimony is the only testimony summarized in the abstract. The abstract does not disclose whether there was any additional discussion of instructions at the close of the case. The abstract reflects only that the trial court instructed the jury on the offense of residential burglary. Appellant was convicted of burglary.
Appellant appealed to the Arkansas Court of Appeals and argued that the trial court erred in refusing to give the lesserincluded instruction of criminal trespass. The court of appeals reversed and remanded. Allen v. State, 53 Ark.App. 225, 920 S.W.2d 860 (1996). The State filed a petition for review, which this court granted. Upon the grant of a petition for review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. Armer v. State, 326 Ark. 7, 929 S.W.2d 705 (1996). Upon such review, we affirm the judgment of conviction because the abstract is flagrantly deficient.
Rule 4-2(a)(6) of the Rules of the Supreme Court provides that an abstract must contain those parts of the record that are necessary to an understanding of the issues presented to the appellate court for decision. We have often written that the record on appeal is limited to that which is abstracted. Taylor v. State, 299 Ark. 123, 771 S.W.2d 742 (1989). We will not examine the transcript of a trial to reverse a trial court. However, we will do so to affirm. Haynes v. State, 314 Ark. 354, 862 S.W.2d 275 (1993).
There must be a rational basis in the evidence to warrant the giving of an instruction. Brown v. State, 325 Ark. 504, 929 S.W.2d 146 (1996). Here, none of the State's case-in-chief is summarized in the abstract. The trial court ruled on the proffered instructions after the State rested its case. The discussions and objections concerning instructions are not abstracted. We are informed only that appellant submitted three proposed instructions on lesser-included offenses and that the trial court ruled that it would instruct on burglary, but not any lesser-included offenses. An abstract must include all material "necessary to an understanding of all questions presented to the Court for decision." Ark. R. Sup.Ct. 4-2(a)(6). We have said that the argument made to the trial court and the trial court's ruling are "vital" to a review of the ruling by this court. Watson v. State, 313 Ark. 304, 854 S.W.2d 332 (1993). Here, the abstract gives us only the three proffered instructions, part of appellant's testimony, and the result of the instruction conference. We do not have sufficient material to fully understand the issue. Appellant quoted part of his argument to the trial court and the trial court's comments in the argument section of his brief, but we have stated that scattering *766 transcript references throughout the argument is not a substitute for a proper abstract. Moncrief v. State, 325 Ark. 173, 925 S.W.2d 776 (1996); Watson v. State, 313 Ark. 304, 854 S.W.2d 332 (1993).
The court of appeals' opinions in this case confirm that appellant's abstract is not sufficient to give an understanding of the trial below and the issues presented on appeal. The majority opinion held that appellant's abstract was sufficient, but the majority opinion contains five statements of fact that are not found in the abstract. The dissenting opinion quotes directly from the transcript of the instruction conference to show that only the State's evidence had been introduced when the trial court considered the instructions. The trial judge stated, "I'm just going to instruct at this time on residential burglary." The abstract did not reflect this and appellant does not discuss it. Yet, one of the primary issues would be whether appellant waived the issue by not renewing it, or whether the court had a duty to change its ruling on its own motion, an issue we cannot reach because none of this is reflected in the abstract.
Affirmed.