Glen Curt REAVIS *v.* STATE of Arkansas

CA CR 96-206                                    936 S.W.2d 764

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996
[Petition for rehearing denied January 22, 1997.]

*Stuart Vess*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Glen Curt Reavis, was found guilty by the trial court sitting as the trier of fact of the offenses of simultaneous possession of drugs and firearms and criminal use of a prohibited weapon, for which he was sentenced to a total of fourteen years in prison.[1] At trial, the court also took up the matter of appellant's motion to suppress evidence. In this appeal, appellant raises two issues challenging the trial court's denial of the motion to suppress. Because of the pronounced deficiencies in appellant's abstract, we affirm.

In light of our view of this appeal, we set out only those facts necessary for an understanding of our decision. Wayne Gibson, a patrolman with the Beebe Police Department, testified that he was directed to respond to a disturbance call at a residence on Cypress Street on the evening of March 22, 1995. He was advised that a Carol Reavis had reported that her husband, appellant, was at the home in violation of a restraining order. While en route, he was further advised that the suspect had left the home in a white pickup truck. Officer Gibson testified that he met the vehicle travelling in the opposite direction about three blocks from the house. He said that the truck stopped on the side of the street as he was turning around and that appellant was walking towards him as he exited the patrol car. Gibson said that he conducted a protective search of appellant's person and found a pair of brass knuckles in appellant's pocket. Because of this discovery, he arrested appellant and placed him in the back seat of the patrol car. He then called for a wrecker to impound the vehicle.

Officer Gibson testified that it was department policy to impound vehicles upon an arrest when there is no one else at the scene to take responsibility for the vehicle. He also testified that, for the protection of the department, it was their policy to inventory the contents of impounded vehicles to make sure that there are no valuable items or money that might later turn up missing.

---

[1] Appellant had also been charged with the offenses of possession of a controlled substance (methamphetamine) with intent to deliver and possession of a controlled substance (marijuana), but those charges were dismissed on motion of the prosecution.

Gibson testified that, during the roadside inventory, he found a key box on the floor board. He said that he picked it up to see if there was an extra key to the vehicle and that, when he opened it, he found a small, plastic bag containing a green, leafy substance and two other bags that contained off-white, powdery material. Gibson testified that he also found a pistol wrapped in a towel on the front seat of the vehicle.

In his two issues on appeal, appellant contests the validity of the inventory of his truck. He first contends that the officer used the inventory as a pretext for rummaging through his vehicle. Second, he argues that the inventory was invalid because the police department had no policy concerning the opening of closed containers. From our review of the abstract, we learn that, in his written motion to suppress, appellant argued only that the search was founded upon an unlawful arrest. The abstract also contains an "abstractor's note," which states:

> Defendant made a Motion for a Directed Verdict and a Motion to Suppress Evidence. The basis of the Motion was that the key holder that was found was not *listed* on the inventory *list*, the inventory wasn't complete, and there was no policy on the inventory *list*. (emphasis supplied).

It can readily be seen that there is no mention in this abstract of the two arguments raised in appellant's brief.

The record on appeal is confined to that which is abstracted. *Davis* v. *State*, 325 Ark. 194, 925 S.W.2d 402 (1996). Parties have an affirmative obligation to abstract those portions of the record relevant to the points on appeal. *Moncrief* v. *State*, 325 Ark. 173, 925 S.W.2d 776 (1996). We do not examine the transcript of a trial to reverse the trial court. *Allen* v. *State*, 326 Ark. 541, 932 S.W.2d 764 (1996). Our supreme court has said that the argument made to the trial court and the trial court's ruling are "vital" to a review of the ruling by the appellate court. *Id.*; *Moncrief* v. *State*, *supra*; *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993). The abstract in this case does not reflect that appellant raised either of the issues advanced in this appeal at trial. Under our long-standing rules, it was the responsibility of the appellant to provide an abstract such that this court could determine the arguments made without resort to an examination of the record.

When an abstract is deficient, the lower court's judgment

must be affirmed. *Owens v. State*, 325 Ark. 93, 924 S.W.2d 459 (1996). Accordingly, the judgment of conviction is affirmed, and we express no opinion, one way or the other, on the merits of the issues argued in this appeal.

PITTMAN and ROBBINS, JJ., agree.

NEAL, STROUD, and GRIFFEN, JJ., dissent.

OLLY NEAL, Judge, dissenting. It is an oft-quoted maxim that hard cases make bad law. Today's decision demonstrates the corollary, "bad law makes cases hard."

The majority concedes that all that was required of appellant was that he "abstract those portions of the record relevant to the points on appeal." The abstractor's note referenced in the majority opinion was sufficient to establish that appellant challenged the total absence of any police policy regarding inventory of closed containers.

While appellant's argument, "there was no policy on the inventory list," might be forcefully construed to mean that the police department failed to write its policy on its inventory form, the logical interpretation is that the department had no policy regarding what items should be placed on its inventory lists. Inherent in that argument is the proposition "the department has not stated whether its officers should place closed containers or the contents of closed containers on their inventory lists." Significantly, it was only the unlisted closed container that appellant sought to suppress at trial.

The majority avoids addressing the merits of appellant's argument by playing a game of semantics, once again placing form over substance. It is readily apparent from testimony at trial that appellant's lack of policy argument has merit but it is by operation of our procedural rules that this simple case is made difficult. A review of the record in this case only reenforces the strong inference raised in the abstract that appellant challenged the police department's failure to institute any policy regarding inventorying closed containers at trial.

STROUD and GRIFFEN, JJ., join in this dissent.