William J. FOUNTAIN v. STATE of Arkansas

CR 80-114                                        601 S.W. 2d 862

Supreme Court of Arkansas

Opinion delivered June 30, 1980

*E. Alvin Schay*, Appellate Public Defender, for appellant.

*Steve Clark*, Atty. Gen., for appellee.

## PER CURIAM

Appellant has filed a pro se motion to complete the record. The State has not objected to his motion. He alleges that discussions between the trial court, counsel and himself on several enumerated occasions, which were overruled, were not recorded and, thus only appear in the transcript as "off the record" notations. He also contends that "in chambers" conferences between the court and counsel were only noted as being "off the record."

After reviewing appellant's allegations, we conclude that a few of the conferences held at the bench and in chambers were not recorded and are only noted as having been held. It appears that substantive matters may have been discussed during these conferences.

Therefore, we remand this case to the trial court to settle the record in accordance with Appellate Procedure Rule 6.

We also take this opportunity to express our concern about "off the record" conferences held in chambers or at the bench. We are concerned, as are other courts, about "off the record" conferences. The West Virginia Supreme Court of Appeals noted *State* v. *Boling*, 246 S.E. 2d 631, 635 (W. Va. 1978), "The question of what portions of a criminal trial should be recorded by the court reporter is a subject of increasing judicial attention." Each state approaches the

problem differently depending on the wording and construction of the particular court reporter acts. Arkansas' is Ark. Stat. Ann. § 22-352 (Repl. 1962).

The consensus of the various states is that the practice should be to record discussions between court and counsel occurring during trial that pertain to substantive matters involving that trial. See, *State* v. *Boling*, supra; *State* v. *Zamora*, 91 N.M. 470, 575 P. 2d 1355 (1978); *Braxton* v. *United States*, 395 A. 2d 759 (C.A. D.C. 1978); *State* v. *Cunningham*, 18 Wash. App. 517, 569 P. 2d 1211 (1977); *State* v. *Buckalew*, 561 P. 2d 289 (Alk. 1977); *Commonwealth* v. *Swenson*, 368 Mass. 268, 331 N.E. 2d 893 (1975); *State* v. *Longoria*, 520 P. 2d 912 (Or. 1974); *State* v. *Guffey*, 205 Kan. 9, 468 P. 2d 254 (1970); *Quitana* v. *People*, 405 P. 2d 740 (Colo.1965).

While it is the responsibility of the trial court to see that a fair and adequate record of a trial is preserved, counsel must be diligent and responsible in seeing that one is made. "The complete transcript is of crucial importance for a meaningful review of both the appellate court and to new counsel on appeal." *State* v. *Green*, 129 N.J. Super, 157, 322 A. 2d 495, 499 (1974). All bench conferences and in chambers conferences should be "on the record" unless they involve matters unrelated to the current trial, in which case, a note to that effect may be made.

Remanded to the trial court for settlement of the record.