Thelma FLETCHER et al *v.* P. D. DUKE
and MISSOURI PACIFIC RAILROAD COMPANY

CA 81-396                                           635 S.W.2d 2

Court of Appeals of Arkansas
Opinion delivered June 23, 1982

*Joe Cambiano* and *H. G. Foster,* for appellants.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellees.

DONALD L. CORBIN, Judge. Appellants Thelma Fletcher, Richard Fletcher, and Joyce Wardlow brought this wrongful death action for damages arising out of a railway grade crossing accident in Conway, Arkansas, on November 25, 1979. The four cases were consolidated for trial at pretrial conference on March 16, 1981. On May 14, 1981, the jury was selected and seated. The trial court announced in chambers that the case would be bifurcated and the issue of liability would be tried first. Appellants objected, alleging surprise and prejudice to the appellants' case. The jury found in favor of the appellees, P. D. Duke and Missouri Pacific Railway Co. Appellants appeal, alleging that the trial court erred in refusing a new trial and trying the cases in a bifurcated manner. We affirm.

Bifurcation of a trial was an issue of first impression in Arkansas in the case of *Hunter* v. *McDaniel Brothers Construction Co.,* 274 Ark. 178, 623 S.W.2d 196 (1981), which concerned a collision between a pickup truck and a mobile home being pulled by a tractor. In *Hunter,* the Arkansas Supreme Court approved the bifurcation of the trial on the issues of liability and damages pursuant to ARCP 42 (b) which provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues.

In construing this section the court stated:

> The separation of the issue of liability from that relating to damages is an obvious use of Rule 42 (b). Logically, liability must be resolved by the factfinder before damages are considered.

In *Hunter,* the Supreme Court further recognized that a bifurcation should be used on a case by case basis, based upon the informed discretion of the court. Absent an abuse

of discretion, the decision of the trial judge will not be disturbed on appeal.

The justification seems to be that bifurcation of a trial on the issues of liability and damages results in judicial economy and shortened proceedings. In the case at bar, testimony as to damages would have consumed a great deal of time in view of the number of parties involved and was unnecessary until the issue of liability had been resolved.

A motion for a new trial is addressed to the sound discretion of the trial court and its refusal to grant the motion should not be reversed on appeal unless an abuse of discretion is shown. *Black* v. *Johnson,* 252 Ark. 889, 481 S.W.2d 701 (1972). We find no abuse of discretion. The record does not indicate that Thelma Fletcher or Joyce Wardlow were denied the right to testify, nor was there a proffer of their testimony, which is essential to preserve these points on appeal. In fact, in response to the trial court's question: "You were able to put on all your negligence testimony, were you not?", appellant responded: "Yes sir, and that testimony would not have changed."

The Arkansas Supreme Court in *Goodin* v. *Farmers Tractor & Equipment Co.,* 249 Ark. 30, 458 S.W.2d 419 (1970), held:

> If other evidence was actually excluded, there was no offer to show what the testimony would have been, and consequently we cannot say that prejudicial error occurred.

We affirm.

GLAZE, J., dissents.