LLLL CONSTRUCTION COMPANY
*v.* MEHLBURGER, TANNER, RENSHAW
AND ASSOCIATES, INC. and MOUNT HOLLY
WATER ASSOCIATION

CA 85-31                                    702 S.W.2d 29

Court of Appeals of Arkansas
Division II
Opinion delivered December 11, 1985

*Hubbard, Patton, Peek, Haltom & Roberts*, by: *George L. McWilliams*, for appellant.

*Smith, Stroud, McClerkin, Dunn & Nutter*, by: *R. Gary Nutter*, for appellee, Mehlburger, Tanner, Renshaw and Associates, Inc.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellee, Mount Holly Water Association.

TOM GLAZE, Judge. In June 1980, Nell and George Stewart were injured when toxic chlorine gas entered their home through the water lines during a construction project on the Mount Holly water system. They filed suit for negligence against the appellant, LLLL Construction Company, Inc., the general contractor; Tom Loftin d/b/a Tom Loftin Construction Company (Loftin), the subcontractor; and appellee, Mount Holly Water Association (Mount Holly), the owner of the project. Loftin filed a third-party complaint against appellee, Mehlburger, Tanner, Renshaw & Associates (Mehlburger), the project engineers, who in turn filed a cross-complaint against appellant based upon an agreement wherein appellant, as contractor, agreed, among other things, to indemnify Mehlburger for claims, including attorney's fees and expenses, that resulted from its work on the project. Mount Holly also counterclaimed against appellant, seeking indemnification for attorney's fees and expenses. The jury returned a verdict for the Stewarts against the appellant and Loftin, but determined Mount Holly and Mehlburger were not negligent or liable for damages.

In pursuing their counterclaims, Mehlburger and Mount Holly subsequently filed motions for indemnity from appellant for their attorneys' fees and necessary expenses incurred in defending the suit. Appellant responded contending that appellees had waived the indemnity issue and their motions should be denied. The trial court ruled that, by agreement of counsel and

the court, the indemnity issue had been reserved for the court's determination after the jury had rendered its verdict on the negligence and damages issues. The court then heard evidence concerning attorney's fees and expenses, and awarded appellees judgment for such fees and expenses from which appellant brings this appeal. Appellant's sole argument on appeal is that the trial court erred in reopening the trial to accept evidence on the indemnity issue. We must disagree and affirm.

Appellant argues the appellees failed to submit to the jury their contractual claims for attorneys' fees and therefore waived any consideration of those claims after the jury verdict and entry of judgment confirming it. Appellees urge no waiver occurred because all parties agreed to reserve the contractual indemnity claims for trial before the court *after* the jury verdict. Although no earlier record or written stipulation had been made reserving the indemnity issue, the trial court, at a hearing on appellees' motions for attorneys' fees and expenses, specifically found:

> . . . we were in agreement that the issues relating to indemnity would be submitted to the court after the jury verdict and the court would then rule on the matters of attorney's fees and expenses as a matter of law and also as the trier of fact.

Under Rule 42(b) of the Arkansas Rules of Civil Procedure, the trial court could bifurcate the trial for convenience, to avoid prejudice or for expedition and economy. Absent an abuse of discretion, the trial court's decision to bifurcate will not be disturbed on appeal. *Fletcher* v. *Duke*, 5 Ark. App. 223, 635 S.W.2d 2 (1982). Here, this cause involved six parties and their respective tort and contractual claims. Because the indemnity claims could not be determined until the issue of who, among four defendants, was liable for the Stewarts' personal injuries, the trial court had good reason to bifurcate the trial, *i.e.*, to avoid confusion and any resulting prejudice when considering the different and distinct claims of the respective parties.

Appellant argues that, regardless of the trial court's authority to bifurcate the trial, the record simply fails to support the proposition that there was any discussion or agreement about bifurcation. While the original record fails to reflect any such agreement, it is undisputed that an unrecorded, pre-trial confer-

ence had been held. Though appellant disagrees with the trial court's finding, the court determined that appellees' indemnity claims were discussed not only during the trial but also even possibly at the pre-trial conference. In an attempt to settle the record concerning what previously had occurred at trial and at pre-trial, the trial court concluded that "[it] went forward with the understanding that we were in agreement that the issues relating to indemnity would be submitted to the court after the jury verdict. . . ." In so finding, the trial court supplemented the record as it was empowered to do, and, in so doing, rendered ineffective appellant's argument on appeal that the record fails to reflect an agreement to try the tort and indemnity issues in a bifurcated manner. *See also Fountain* v. *State*, 269 Ark. 454, 601 S.W.2d 862 (1980).

■ Appellant also contends the trial court erred because Rule 7(c) of the Uniform Rules for Circuit and Chancery Courts provides that the court will not recognize any agreement or stipulation between counsel unless it has been reduced to writing, signed by the parties or their attorneys and filed in the case, or unless it has been dictated into the record.[1] Suffice it to say, the agreement in issue here was not merely between the parties but instead involved the parties' counsel *and* the court. Under these circumstances, Rule 7(c) is not applicable or controlling.

We hold the trial court did not abuse its discretion by bifurcating the trial or in reserving and deciding the appellees' indemnity claims after the jury rendered its verdict.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.

---

[1] Although not argued below, appellant now urges that the trial court violated Rule 60 of the Arkansas Rules of Civil Procedure. We do not consider assignments of error raised for the first time on appeal. *Bull v. Brantner*, 10 Ark. App. 229, 662 S.W.2d 476 (1984).