Marcus HOOD *v.* STATE of Arkansas

CR 96-103                                920 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered May 20, 1996

*Michael D. Ray*, for appellant.

No response.

PER CURIAM. Appellant requests an extension of time to supplement the transcript and file a brief. He has filed a partial transcript, but seeks to complete the record which he states omits the following:

(1) The February 7, 1995 suppression hearing, the court's ruling, and the testimony or evidence bearing on the alleged coercive nature of the police in obtaining appellant's confession.

(2) The court's side-bar conference regarding the appellant's

objection to the state's question to Officer William Setterman, "[W]ere you or did you recover anything of an evidentiary value in the investigation of Shorty Williamson's Service Station in Hamburg?"

We grant appellant's motion and remand this matter to settle the record, but in doing so, we point out that the foregoing omissions appear to be matters that can be easily resolved. First, if no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best means available, including his recollection. The statement shall be served on the appellee (here the state), who may serve objections or proposed amendments thereto within ten days after service upon it. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal. Ark. R. App. P. 6(d); *see also Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981); *Fountain* v. *State*, 269 Ark. 454, 601 S.W.2d 862 (1980).

Second, if any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted. All other questions as to form and content of the record shall be presented to the appellate court. Ark. R. App. P. 6(e).

Keeping the foregoing rules in mind, the parties should be able to reconstruct the witnesses' testimony given at the February 7 suppression hearing.[1] In addition, appellant's concern over the trial bench conference seems to be resolvable, since from appellant's own motion, it appears Officer Setterman apparently was permitted to

---

[1] We note witnesses were thoroughly questioned at trial, and testified to suppression-related matters.

testify to finding a .357 handgun and five shells, and Setterman's testimony was confirmed by Officer Tommy Breedlove. Appellant objected, stating the state was heading into the same direction which appellant objected to earlier. The record reveals no hint of a bench conference, but only the court's *on-record* remarks, "Would the attorneys approach, momentarily. Until I know where he's going, I'm going to overrule your objection."

From our reading of the existing record, what, if anything, might be missing should be easily provided and settled upon remand. Therefore, we remand this cause with the foregoing instructions and direct that the record, as reconstructed and settled, be filed with this court's clerk within thirty-five days, at which time the clerk will set the briefing schedule.

DUDLEY, J., not participating.