Steven Dean ARMER *v.* STATE of Arkansas

CR 96-15                                                929 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Doug Norwood,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A police officer saw a disabled car on the side of the road, stopped, looked inside, and in plain view

saw Steven Dean Armer passed out in the back seat with about a thousand Valium tablets, several syringes, a coke spoon, and a pipe. Armer was charged with possession of a controlled substance with intent to deliver and with possession of drug paraphernalia. At trial, the jury returned a verdict of guilty on both counts. A part of the bifurcated sentencing procedure provides that after the jury finds a defendant guilty, it shall hear additional evidence, if any, relevant to sentencing and retire to determine the sentence. However, the defendant may waive jury sentencing, with the agreement of the prosecuting attorney and the consent of the trial court, and let the court impose sentence. Ark. Code Ann. § 16-97-101 (Supp. 1993). After the jury returned its verdict of guilt, Armer's counsel announced, "Your honor, we will waive jury sentencing and let the court decide it." The trial court inquired of Armer personally, and in response, Armer affirmed that he understood he had the right to have the jury set the punishment, but that he wanted the trial court to decide punishment. The trial court sentenced Armer to four years in prison on each count, with the sentences to run concurrently.

Armer appealed and argued that the trial court erroneously refused to allow him to ask certain questions on *voir dire*. The court of appeals affirmed both convictions by a tie vote, three to three. *Armer v. State*, 51 Ark. App. 173, 912 S.W.2d 436 (1995). We granted a petition for review because of the tie vote. When this court grants a petition for review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *Maloy v. Stuttgart Memorial Hosp.*, 316 Ark. 447, 872 S.W.2d 401 (1994); *Patterson v. State*, 267 Ark. 436, 591 S.W.2d 356 (1979). Upon such a review, we affirm the convictions.

During *voir dire* Armer's attorney referred to an off-the-record discussion. We have often condemned the practice of off-the-record discussions because, just as in this case, it is impossible for us to know the specific basis of the objection and the exact ruling. *Phills v. State*, 301 Ark. 265, 266, 783 S.W.2d 348, 349 (1990). After referring to the off-the-record discussion, the attorney said he understood that he could voir dire about the penalty range for the two felonies. The trial court responded that either Armer's attorney or the prosecuting attorney could ask whether members of the panel would feel uncomfortable sending this person to the penitentiary for the maximum amount of ten years, but added "that's all I'm

going to permit on the issue of punishment." The prosecuting attorney objected and Armer's attorney said, "Later on in the trial I would like to proffer into the record if you don't want me to do it right now —." The trial judge said, "That's all I'm going to permit on this *voir dire.*" The trial judge did not prevent Armer's counsel from making a proffer of the questions at the time, but rather prevented him from asking additional questions of the panel. Much later, after Armer rested his case, he proffered six specific questions. Each of the questions involved sentencing in some way, but they involved subjects other than the penalty range, as Armer's attorney had earlier indicated. For example, one of the questions was: "Should drug addicts be treated differently than drug dealers?"

Armer appeals and contends that the trial court erred in unreasonably limiting him on *voir dire.* The record does not show that, when the trial court made its ruling, Armer had made specific arguments about the six questions he later proffered, nor does it show that he obtained rulings on the specific questions. It is settled that we will not address arguments that were not made to the trial court, *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55 (1995), and it is settled that an appellant must obtain a ruling from the trial court in order to preserve a point on appeal. *Williams* v. *State*, 289 Ark. 69, 71, 709 S.W.2d 80, 81 (1986). Even so, because of the trial judge's statements, we do not decide whether Armer is procedurally barred by failing to make a timely proffer and by failing to obtain a ruling. Instead, we base our holding on the fact that Armer waived any issue about *voir dire* of the panel about punishment when he waived his right to have the jury decide punishment, asked the trial judge to set it, and made no record of his reason for waiving jury sentencing. Indeed, the reason may have been that indicated in oral argument, that the trial judge did not ordinarily send first-time drug offenders to prison. We have no hesitancy in holding that an accused who waives sentencing by the jury, makes no record of the reason for so doing, asks the trial judge to set the sentence, and apparently receives a harsher sentence than anticipated, cannot obtain a reversal of the sentence on the ground that there was some irregularity in the selection of the jury. On the basis of the record, Armer's plight is analogous to those cases in which a defendant pleads guilty, is given a harsher sentence than he hoped for or expected, and then seeks to withdraw his plea of guilty. *See Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). We have long refused to grant relief in such cases.

Affirmed.