Charles CLOWNEY and V & H Logging, Inc. *v.* Harley and Agnes GILL and Jeff Denman

96–349                                                                929 S.W.2d 720

Supreme Court of Arkansas
Opinion delivered October 14, 1996
[Petition for rehearing denied November 18, 1996.]

*Claude W. Jenkins*, for appellant.

*Russell D. Berry*, for appellees Harley and Agnes Gill.

*Brad Green*, for appellee Jeff Denman.

TOM GLAZE, Justice. This appeal arises from the appellants, Charles Clowney and V & H Logging, Inc., wrongly cutting timber located on Harley and Agnes Gills' land. Clowney hired appellee Jeff Denman, a forester, to locate and re-mark the boundary lines of Clowney's property, but in doing so, gave Denman an ownership map which mistakenly showed forty acres of the Gills' land as belonging to Clowney. After the cutting began, the Gills notified V & H that it was logging their land and demanded V & H cease its operation.

The Gills later brought suit against Clowney and V & H for trespass and for having harvested the Gills' trees. They sought treble damages. Clowney and V & H filed a third-party negligence action against Denman who counterclaimed for indemnification. Denman also sued Clowney for breach of contract.

The trial court granted a partial summary judgment finding the Gills owned the land on which the timber was wrongfully cut and also determined Clowney and V & H were liable for trespass when cutting the timber. Following trial, the jury awarded the Gills treble damages in the sum of $135,000.00 against Clowney and V & H. The jury further rendered a verdict in Denman's favor against Clowney for $763.27 and returned a defendant's verdict for Denman on Clowney's and V & H's third-party claim. Clowney and V & H now appeal, raising three points for reversal. Unfortunately, we are unable to reach the merits regarding any of the three arguments.

We first consider Clowney's and V & H's argument that the evidence was insufficient to have made the treble damages award

or the award of damages on Denman's contract claim. In order to preserve a sufficiency of the evidence argument on appeal, a motion for directed verdict must have been made at the close of the plaintiff's case-in-chief, and again at the conclusion of all the evidence. *Stroud Crop, Inc. v. Hagler*, 317 Ark. 139, 875 S.W.2d 851 (1994); Ark. R. Civ. P. 50(a) and (e). As the Gills and Denman point out, Clowney and V & H failed to make any directed-verdict motion, and as a consequence, we cannot consider their sufficiency of evidence argument on appeal.

■ Clowney's and V & H's other two arguments question the trial court's giving certain jury instructions. This court's settled law, however, is that no party may assign as error the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection. *Newton v. Chambliss*, 316 Ark. 334, 871 S.W.2d 587 (1994); *MIC v. Barrett*, 313 Ark. 527, 855 S.W.2d 326 (1993).

Here, the record fails to reflect that either Clowney or V & H timely objected to the jury instructions now questioned on appeal. The record does show they objected to the instruction on treble damages, but their objection was interposed after the jury had returned its verdict and the jurors had been excused.

■ Clowney and V & H mention that they had timely objected to the jury instructions and specified their grounds at an in camera hearing in the trial court's chambers prior to the jury receiving its instructions, but that hearing was not recorded. In *Barrett*, we were met with the same problem and reiterated the rule that it is appellant's duty to demonstrate error in the proceedings below and to bring up a record sufficient to demonstrate error. *Barrett*, 313 Ark. at 350. Here, Clowney and V & H fail to present a record of their timely objections with stated grounds, and we are unable to consider belated objections on appeal.

■ We emphasize once again that all bench conferences and in chambers conferences should be "on the record" unless they involve matters unrelated to the current trial, in which case, a note to that effect may be made in the record. *Fountain v. State*, 269 Ark. 454, 601 S.W.2d 862 (1980); *see also McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989); ARCP, Adm. Order No. 4 (1991). While it is the responsibility of the trial court to see that a fair and

adequate record of a trial is preserved, counsel must be diligent and responsible to seeing one is made. *Fountain,* 269 Ark. at 456.

In reviewing the record, we do find where the trial court attempted to recall and recite one of the instructions to which Clowney and V & H objected, but that attempted recreation of the hearing made no mention of any grounds for the objection. We also note Clowney's and V & H's argument that one of the instructions was a binding and inherently erroneous one, and that only a general objection was necessary to raise the instruction's validity on appeal. While that may be true, *no* objection was shown to have been made concerning the purported binding instruction.

Because the points raised on appeal were not properly preserved at trial, we must affirm without considering the merits of those arguments.