Donald BRIDGES *v.* STATE of Arkansas

CR 96-181                                  938 S.W.2d 561

Supreme Court of Arkansas
Opinion delivered February 24, 1997

[Petition for rehearing denied April 7, 1997.]

*Mike Everett*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Donald Bridges, was convicted by a jury in Poinsett County of crimi-

nal use of a prohibited weapon, fleeing from an officer, and reckless driving. On appeal, Bridges contends that his conviction of criminal use of a prohibited weapon should be reversed. Finding no merit to his arguments, we affirm.

On February 18, 1994, around 10:30 p.m., Officer Miller received a call over his police radio that a white Cadillac bearing a handicapped license plate had been stolen from Don Landers's home in Harrisburg, Arkansas. Soon thereafter, Officer Miller spotted the Cadillac driving on Highway 14. As the officer approached the vehicle, it sped off. Officer Miller chased the Cadillac for approximately six minutes at a high rate of speed over the winding highway. After almost hitting another car, the Cadillac approached two police backup vehicles and stopped.

The appellant, Donald Bridges, emerged from the Cadillac. The police searched Bridges and found a loaded, semiautomatic handgun in his front coat pocket. The police also observed in plain view in the front seat of the Cadillac a loaded handgun and a loaded shotgun. Officer Miller noticed that the serial number on the shotgun had been filed off, and that the tip of the barrel was ragged and appeared to have been altered.

The owner of the Cadillac later verified that the vehicle had not been stolen, but rather, Bridges had borrowed the vehicle without the owner's permission. Thus, the owner refused to press charges against Bridges for theft. However, Bridges was arrested for fleeing and possession of the guns. Upon arrival at the station, the police searched Bridges and discovered five Valium pills in his pocket.

Bridges was charged with fleeing, reckless driving, criminal use of a prohibited weapon, possession of a defaced firearm, carrying a weapon, and possession of a controlled substance. The jury convicted Bridges of fleeing, reckless driving, and criminal use of a prohibited weapon. On appeal, Bridges raises several arguments for reversal of his conviction for criminal use of a prohibited weapon.

### 1. Constitutionality of
### Ark. Code Ann. § 5-73-104 (Repl. 1993)

For his first argument on appeal, Bridges asserts that his conviction of criminal use of prohibited weapon should be reversed because the statute is unconstitutionally vague. The statute provides in relevant part that:

> A person commits the offense of criminal use of prohibited weapons if, except as authorized by law, he uses, possesses. . .any bomb, machine gun, sawed-off shotgun or rifle. . .or other implement for the infliction of serious physical injury or death which serves no common lawful purpose.

Ark. Code Ann. § 5-73-104(a) (Repl. 1993). The original commentary articulates the purpose of Ark. Code Ann. § 5-73-104 as follows:

> This section is directed at the use, possession, sale, etc. of instruments which have *exclusive* usefulness as implements of crime.

(Emphasis added.)

In August of 1994, the General Assembly amended the General Definitions section of the Arkansas Criminal Code to define a "sawed-off shotgun" as a shotgun having one or more barrels less than eighteen inches in length or an overall length of less than twenty-six inches. 1994 Ark. Acts 45 § 2 (codified at Ark. Code Ann. § 5-1-102(21) (Supp. 1995)). However, when Bridges committed the crime in February of 1994, there was no statutory definition of a "sawed-off shotgun"; hence, Bridges claims the statute was unconstitutionally vague.

This identical position was rejected by this court six years ago in *Moore v. State*, 304 Ark. 257, 801 S.W.2d 638 (1990). In *Moore*, this court explained that a statute survives a due process challenge of vagueness if it is clear enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for police enforcement and for ascertainment of guilt. *Id.* Because it was apparent from the plain meaning of Ark. Code Ann. § 5-73-104 that a sawed-off shotgun was "a shotgun with a barrel shortened by cutting off a portion thereof," this court held that the statute was not unconstitutionally vague. *Id.* Thus, on

appeal, Bridges is asking this court to overrule our prior holding in *Moore.* For the following reasons, we decline to do so.

As in *Moore*, the barrel of the shotgun in this case had clearly been "cut-off," and the extent to which it had been shortened is not relevant to this appeal. In fact, Bridges conceded during oral argument that one could tell by looking at the shotgun that it was "sawed-off":

> [A]nd it was sawed off by what apparently was a blind man using a dull hacksaw. I mean you could clearly tell by looking at it, I think, that, yes, the barrel was sawed, to be honest.

Thus, notwithstanding the claim of vagueness, Bridges was in fact able to apply the usual and ordinary meaning of the words "sawed-off" to the appearance of the shotgun and conclude that the barrel had been "shortened by cutting off a portion thereof" so as to come within the statutory term "sawed-off shotgun."

Moreover, each of the prohibited weapons listed in Ark. Code Ann. § 5-73-104, including a sawed-off shotgun, is further defined as being an implement "for the infliction of serious physical injury or death *which serves no common lawful purpose.*" (Emphasis added.) These words of limitation adequately narrow the definition such that a person of ordinary intelligence would be on notice that he or she is in jeopardy of violating the law if he or she uses, possesses, sells, etc., a sawed-off shotgun which will inflict serious physical injury or death *and* serves no lawful purpose. In response to an inquiry by this court during oral argument, Bridges conceded that cutting the barrel off the shotgun in this case would serve

> exactly the purpose that we want to prohibit. That is to say, I want to make a gun that if I have to shoot somebody in a building, I want to cover the whole side of the wall.

We must therefore conclude, as we did in *Moore*, that the statute is sufficiently clear to overcome Bridges's vagueness argument.

## 2. Nature and Sufficiency of the Evidence

Next, Bridges contests the nature and the sufficiency of the evidence supporting his conviction of criminal use of a prohibited weapon. At trial, Officer Miller testified that the end of the shotgun barrel appeared and felt rough and jagged as if it had been recently cut. As an example, Officer Miller compared the end of the shotgun barrel to a severed plumbing pipe in that the end contained a sharp lip that would cut a finger if touched. Officer Miller concluded that the shotgun barrel "appeared to me to have been cut."

Although Officer Miller admitted that he was not an expert in shotguns, the trial court allowed his testimony as a lay witness's observation of the condition of the weapon at the time of arrest. On appeal, Bridges argues that the judge's ruling was incorrect. We disagree.

According to Ark. R. Evid. 701, a lay witness may testify as to opinions and references which are rationally based on his perception and are helpful to the clear understanding of his testimony or the determination of a fact issue. *Moore v. State*, 323 Ark. 529, 915 S.W.2d 284 (1996); *Crow v. State*, 306 Ark. 411, 814 S.W.2d 909 (1991). It is also well settled that Rule 701 is not a rule against opinions, but is a rule that conditionally favors them. *Moore; supra.* Thus, a trial judge's decision to allow lay opinion testimony under Rule 701 will not be reversed by this court absent an abuse of discretion. *Moore, supra.*

In *Moore*, this court affirmed a trial court's decision to allow a nonexpert to testify that a shoe print found at the scene of the crime was similar to an impression made of the defendant's shoe. *Id.* Clearly, if a lay witness may make such an observation, the trial court properly allowed Officer Miller to testify as to the appearance of the end of Bridges's shotgun. Hence, we affirm the trial court's decision to allow Officer Miller's testimony.

Bridges also contests the sufficiency of the evidence on this charge. As this court has stated numerous times, a jury's verdict will be affirmed if there is substantial evidence to support it. *Peeler v. State*, 326 Ark. 423, 932 S.W.2d 312 (1996). Substantial

evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another. *Id.* When making this determination, this court will review the evidence in the light most favorable to the appellee. *Id.* According to Officer Miller's testimony, the end of the shotgun barrel appeared as if it had been cut or shortened. Therefore, there was sufficient evidence to submit the issue to the jury.

### 3. Closing Arguments

For his third argument for reversal, Bridges asserts that the trial court improperly precluded him from mentioning during his closing arguments that the federal definition of a sawed-off shotgun was a gun with a barrel less than eighteen inches.

■ This court has repeatedly held that a trial judge has wide latitude in controlling closing arguments. *Lee v. State,* 326 Ark. 529, 932 S.W.2d 756 (1996); *Mills v. State,* 322 Ark. 647, 910 S.W.2d 682 (1995). At the time Bridges committed the crime, the applicable state definition was not a barrel less than eighteen inches. *Moore, supra.* Therefore, this court cannot say that the trial judge abused his discretion when he prevented Bridges from mentioning the federal eighteen-inches definition during his closing argument.

### 4. Jury Instructions

Next, Bridges contends that the trial court abused its discretion when it gave the following instruction:

> Donald Bridges is also charged with the offense of criminal use of a prohibited weapon. To sustain this charge the State must prove beyond a reasonable doubt that Donald Bridges unlawfully possessed a sawed-off shotgun.
>
> "Sawed-off shotgun" — A shotgun with a barrel shortened by cutting off a portion thereof constitutes a sawed-off shotgun.

■ It is well settled that no party may assign as error the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection.

*Clowney v. Gill*, 326 Ark. 253, 929 S.W.2d 720 (1996); *Precision Steel Warehouse, Inc. v. Anderson-Martin Mach. Co.*, 313 Ark. 258, 854 S.W.2d 321 (1993).

At trial, Bridges objected to the instruction given by the trial court on grounds that the instruction should have defined a "sawed-off shotgun" as being a shotgun having a barrel shorter than eighteen inches. Bridges proffered an instruction which included the eighteen-inch definition contained in the 1994 amendment to the Arkansas Criminal Code, Ark. Code Ann. § 5-1-102(21). We find no error in the trial court's refusal to instruct the jury on a statutory definition that was not enacted at the time of the offense.

In a supplemental record, the trial judge by affidavit stated that Bridges also objected to the instruction given by the trial court on grounds that the definition of "sawed-off shotgun" was unconstitutionally vague. The abstract makes no reference to this particular objection. We have often written that the record on appeal is limited to that which is abstracted. *Taylor v. State*, 299 Ark. 123, 771 S.W.2d 742 (1989). Moreover, we will not examine the transcript of a trial to reverse a trial court, while we will do so to affirm. *Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993). We, accordingly, affirm due to the lack of sufficient information in Bridges's abstract to enable us to decide this point.

Bridges further argues on appeal a separation of powers theory in which he alleges that this court does not have the power to judicially define a statutory term. Bridges did not raise this argument before the trial court. As this court has repeatedly prohibited appellants from raising arguments for the first time on appeal, this argument is procedurally barred from review. *See Betts v. Betts*, 326 Ark. 544, 932 S.W.2d 336 (1996).

## 5. Inconsistent Verdicts

For his final argument for reversal, Bridges alleges that the jury's conclusion that he was guilty of criminal use of a prohibited weapon under Ark. Code Ann. § 5-73-104 (Repl. 1993) was inconsistent with its verdict that he was innocent of possession of a defaced firearm under Ark. Code Ann. § 5-73-107 (Repl. 1993).

At trial, Bridges did not contest that the serial number on the sawed-off shotgun had been removed. Thus, Bridges argues that the jury could only find him innocent of possession of a defaced firearm if it determined that he did not in fact possess the shotgun. Bridges concludes that therefore the two verdicts are inconsistent.

Although Bridges is correct that the two verdicts appear inconsistent, this court has repeatedly held that a defendant may not attack the inconsistency of verdicts on separate charges because *res judicata* does not apply, and more importantly, "the jury is free to exercise its historical power of lenity if it believes that a conviction on one count would provide sufficient punishment." *Jordan v. State*, 323 Ark. 628, 631, 917 S.W.2d 164, 165 (1996); *accord McVay v. State*, 312 Ark. 73, 847 S.W.2d 28 (1993). Therefore, the trial court did not err when it denied Bridges's motion for a mistrial due to the inconsistency of the verdicts on the two charges related to his possession of the altered weapon.

*Affirmed.*