Andrew AKINS *v.* STATE of Arkansas

CR 96-352                                        945 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*Russell J. Byrne,* for appellant.

No response.

PER CURIAM. Appellant Andrew Akins filed a motion to supplement the record in this case on August 1, 1996. We granted the motion and issued a writ of certiorari directed to the court reporter of the Chicot County Circuit Court, returnable on October 9, 1996. Pursuant to the writ, a supplement to the record was filed together with a letter from the court reporter, which noted that the record could not be completed from the tapes of the court reporter who transcribed the hearing. Noticeably missing from the record is a transcription of a June 1, 1991 probable cause hearing.

Appellant now moves this court to grant his motion to direct the trial court to appoint a court reporter and to locate and transcribe the record. Appellant asserts that the record of that June 1991 proceeding is necessary to the issues on appeal. Attached to Appellant's motion is an affidavit filed by the Drew County Circuit Clerk, Kay Craig, stating that she personally searched through several boxes of tapes from the five counties, including Chicot County, that comprise the Tenth Judicial District, and discovered that there are several hundred tapes in storage. Ms. Craig stated that most of those tapes indicate which county they are from and have some numerical indication of the year in which they were heard. The tapes do not, however, contain case numbers or the names of defendants. Ms. Craig stated that there are approximately 500 tapes for Chicot County, which are stored in an old unlighted jail cell.

We hereby grant appellant's motion and we remand this case back to the trial court and order the current court reporter to search through the tapes in storage until the recording of the June 1, 1991 hearing is discovered. If the tape sought cannot be located, the trial court is directed to conduct a hearing to attempt to settle the record on this issue. In the event either of these options is not possible, the only recourse will be to grant appellant a new trial. The trial court court reporter and counsel are

directed to accomplish these matters within thirty days and the trial court report its findings and conclusions regarding these matters on or before ten days from the expiration of the designated thirty-day period.