Toby Patrick CRAIG *v.* STATE of Arkansas

CA CR 98-187 983 S.W.2d 440

Court of Appeals of Arkansas
Opinion delivered December 16, 1998

*Honey & Honey, P.A.*, by: *Charles L. Honey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

P ER CURIAM. The appellant was convicted of first-degree murder and filed an appeal. After the record on appeal was lodged, appellant asserted that the transcript of the proceedings did not accurately reflect the trial judge's ruling on his motion to dismiss at trial. Appellant filed a motion for a writ of certiorari to complete the record, identifying the portion of the transcript he alleged to be inaccurate and attaching several affidavits to support his allegation. We granted this motion and, on June 17, 1998, remanded the matter to the trial court with directions to settle the record. On receipt of our order, the trial judge reviewed the transcript, listened to the recording from which the transcript was made, and found that the transcript of the proceedings was accurate. This finding was incorporated in an order settling the record dated July 20, 1998.

Appellant filed a second motion for writ of certiorari to complete the record on October 15, 1998. In it, he again asserts that the transcription of the record was inaccurate and requests that the matter be remanded for the record to be settled. As grounds for his motion, appellant asserts that the trial court's order settling the record was contrary to the affidavits filed by appellant,

and argues that a hearing was necessary in order to "really"settle the record. We deny this motion for the reasons set out below.

 The appellant has not alleged that the transcript of the record omits the trial judge's ruling on his motion to dismiss; instead, appellant asserts that the record as transcribed misstates that ruling. Rule 6(e) of the Arkansas Rules of Appellate Procedure—Civil provides that:

> *Correction or Modification of the Record.* If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted. All other questions as to form and content of the record shall be presented to the appellate court.

Rule 6(e) does not expressly require that a hearing be held in order to settle the record. Although there are undoubtedly cases where a hearing would be helpful, and perhaps necessary, to determine whether the transcription of the record contains a misstatement of what transpired below, appellant in the case at bar never requested a hearing in his initial motion.[1] To the contrary, appellant's initial motion requested only that "the Court Reporter should be ordered to review and correct those errors in the transcript." We granted the relief requested and, in the absence of any allegation of bias or wrongdoing on the part of the trial judge, we see no significance in the fact that on remand the transcript was reviewed by the trial judge rather than the court reporter. Appellant having been afforded the relief he requested in his initial motion for writ of certiorari to complete the record, the present motion is denied.

---

[1] There is, in addition, no indication that appellant requested the trial judge to conduct a hearing after we granted his initial motion and the case was remanded.

Motion denied.

BIRD, AREY, NEAL, GRIFFEN, and ROAF, JJ., dissent.

S AM BIRD, Judge, dissenting. I respectfully dissent from the action of this court in denying appellant's second motion for writ of certiorari to complete the record.

A recitation of background information is necessary for an understanding of the reason for my dissent. The record before us reveals that appellant has perfected an appeal from Nevada County Circuit Court where he was convicted of first-degree murder and sentenced to a term of forty years in the Arkansas Department of Correction. After the record on appeal was lodged, appellant's counsel detected what he apparently perceived to be an inconsistency between the transcript of the proceedings and his personal recollection of a statement made by the trial judge in ruling on appellant's motion to dismiss. Consequently, appellant's attorney filed in this court a motion for writ of certiorari to complete the record. In his motion, appellant quoted the portion of the transcript that he believed to be inaccurate and requested a writ of this court requiring the court reporter to review and correct the record. Attached to the motion were several affidavits of persons, one of whom is a newspaper reporter, who state that they attended appellant's trial and that they agree with counsel for appellant that the transcript is inaccurate.

After considering appellant's motion, on June 17, 1998, we ordered that the matter be remanded to the trial court to settle the record. Without notice to anyone, and without a hearing, the trial judge apparently took it upon himself to listen to the court reporter's official recording of the disputed part of the record and compare it with the transcript. The trial court thereafter entered an order that provided, in pertinent part, as follows:

> . . . This court has reviewed the transcript and the recorded version from which the transcript was made. The Court finds that the Court Reporter has, in fact, correctly recited . . . the exact ruling of this Court recited in open court . . . .
>
> . . . In this instance, the part of the record sought to be corrected by appellant, is not a statement that was incorrectly transcribed by

the Court Reporter. Instead, it is a statement that was made by the Court and this statement is verified as to correctness by the recorded portion of the record.

As a result of the entry of this order by the trial court, appellant filed his second motion for writ of certiorari to complete the record. It is this second motion that has been denied by a majority of this court and that is the subject of my dissent.

In his second motion, appellant alleges that in settling the record pursuant to this court's June 17, 1998, order, the trial court did not conduct a hearing to consider any testimony, and that his order was contrary to the only evidence before the court, namely, the affidavits that were attached to appellant's first motion. He alleges that in order to settle the record it was necessary for the court to conduct a hearing so that additional witnesses could be called and additional evidence considered.

Obviously the nature of the proceedings necessary to settle a record in the trial court will vary from case to case, depending upon the nature of the dispute about the record. While I do not agree with appellant's contention that, in settling the record, it is necessary for the court to permit appellant to call witnesses and present additional testimony, I believe it was at least necessary in this instance for the court to convene the parties and their attorneys in open court, after notice, and conduct an on-the-record hearing of the proceedings and steps taken relative to the settlement of the record. To suggest that the trial judge, in carrying out this court's directive to "settle the record," should be permitted to do so in the privacy of his office without notice to or the presence of others interested in the matter is foreign to any notion of due process, especially where the dispute over the content of the record relates to what the judge himself said or did not say.

The case of Butler v. State, 261 Ark. 369, 549 S.W.2d 65 (1977), involved the settlement of the record in a criminal case where the reporter's tape recording of the testimony had been destroyed by fire before it was transcribed. At a hearing conducted by the court to settle the record, the defendant's attorney was present, but the judge refused the defendant's request that he be allowed to be present in person. In remanding the case, the

supreme court said that the defendant was "constitutionally entitled to be personally present at every substantive step of the proceedings. Hence he should have been present when the record was settled, for he might have remembered some error or omission that no one else noticed." The trial court was directed to give the defendant an opportunity to examine the court reporter's transcript of the testimony and to personally present to the court any objections he might have.

More recently, in *Akins v. State*, 328 Ark. 676, 945 S.W.2d 362 (1997), when the trial court was unable to comply with the supreme court's deadline to supplement the record because one of the tapes was missing, the case was remanded to the trial court with instructions to the court reporter to search through the tapes in storage until the missing tape was discovered, failing which, the trial court was directed to "conduct a hearing to attempt to settle the record on this issue."

I wish to emphasize that, by taking this position, I am not suggesting that I do not accept as totally accurate the statements contained in the trial judge's order to the effect that he has reviewed the transcript and the recording from which the transcript was made, and that he has determined that the record constitutes an accurate transcription of the tape recording. However, in my opinion, matters such as this, involving disputes over what was said by the judge, should be examined on the record, in an open courtroom with the interested parties present, rather than in the seclusion of the judge's chambers with no one present but the judge.

The majority states that Rule 6(e) of Arkansas Rules of Appellate Procedure—Civil does not expressly require that a hearing be held in order to settle the record, and asserts, as a reason for its denial of appellant's present motion, that appellant did not request a hearing in his initial motion. However, the majority does acknowledge that there may be some cases where a hearing would be helpful or necessary. In granting appellant's first motion to settle the record, we obviously recognized the need for action in the trial court to resolve a dispute about the accuracy of the record. I submit that a dispute about the accuracy of the record

that relates to what the judge said or did not say presents a case in which a hearing is necessary, and that appellant should not have been required or expected to specifically request a hearing to settle the dispute. No one would have expected the judge to resolve that issue sua sponte, without giving the parties an opportunity to at least compare the disputed record to the court reporter's official tape recording of the proceeding.

It has long been the law in this state that so-called "off-the-record" proceedings are not permissible. *Armer v. State*, 326 Ark. 7, 929 S.W.2d 705 (1996); *Dumond v. State*, 294 Ark. 379, 743 S.W.2d 779 (1988); *Ward v. State*, 293 Ark. 88, 733 S.W.2d 728 (1987); *Glick v. State*, 286 Ark. 133, 689 S.W.2d 559 (1985); *Fountain v. State*, 269 Ark. 454, 601 S.W.2d 862 (1980). I see no distinction between the off-the-record proceedings that were condemned by the supreme court in the above-referenced cases and the off-the-record proceeding conducted by the judge in the case at bar. As the supreme court said in *Farley v. Jester*, 257 Ark. 686, 520 S.W.2d 200 (1975), "Court proceedings must not only be fair and impartial — they must also appear to be fair and impartial."

For the foregoing reasons, I would grant appellant's second motion for certiorari to complete the record and remand this matter to the trial court with instructions to conduct an on-the-record hearing. At the hearing, the parties and their attorneys should be permitted to listen to the court reporter's tape recording of the disputed portion of the transcript and compare it to the reporter's transcript. Then, after considering the arguments of counsel relating to the issue, the court should enter an appropriate order settling the record to be transmitted to this court for consideration on appeal.

I am authorized to report that Judges AREY, NEAL, GRIFFEN, and ROAF join in this dissent.