# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1397

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Joe Eugene Vincent, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 17, 2007
Filed: March 5, 2008

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Joe Eugene Vincent pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He challenges the use of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), in his sentencing by the district court.[1] The ACCA establishes a minimum sentence of 180 months where the defendant has three prior violent felonies. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas

Vincent and his son were asked to leave, or were escorted out of, a night club in Little Rock. They left but returned with handguns in their waistbands, threatening to kill several employees. Police were called. Vincent again left the club. Police stopped his vehicle. During a search of the vehicle, police recovered a .45 caliber handgun.

Vincent had three previous felony convictions. At issue is his prior conviction for criminal use of a prohibited weapon on November 21, 1994, under Ark. Code Ann. § 5-73-104 (1987). This conviction involved his use of a sawed-off shotgun. The presentence investigation report considered this 1994 conviction a violent felony under 18 U.S.C. §924(e)(2)(B).

Vincent objected only that the 1994 conviction was not a violent felony. The district court decided that there was not enough information to show the gun met the federal definition of a sawed-off shotgun. However, the court determined there was sufficient information to show the "conviction involved conduct that by its nature presented a serious risk of physical injury to another." *United States v. Vincent,* 2007 WL 473691, at *2 (E.D. Ark. Feb. 7, 2007) . The court overruled Vincent's objection, applied the ACCA, and  sentenced him to 188 months.

This court reviews de novo the finding that a defendant's prior conviction constitutes a violent felony. *United States v. Sumlin,* 147 F.3d 763, 765 (8th Cir. 1998).

The only issue is whether the 1994 conviction is a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). This section defines a violent felony as a crime that is punishable for a period of more than a year that "involves conduct that presents a serious potential risk of physical injury to another."

United States Sentencing Guidelines § 4B1.4(b)(3)(A) addresses armed career criminals and refers to a "firearm" as "a type described in 26 U.S.C. § 5845(a)."

Therefore, Vincent contends that the ACCA is triggered only if a prior conviction involving a sawed-off shotgun meets the federal definition of a sawed-off shotgun in 26 U.S.C. § 5845. *Cf. **United States v. Allegree,*** 175 F.3d 648, 651 (8th Cir. 1999) (ACCA applied to conviction for possession of a sawed-off shotgun whose length met 26 U.S.C. § 5845 – although this section was not cited or discussed in the opinion); ***United States v. Childs,*** 403 F.3d 970, 971 (8th Cir. 2005) (ACCA applied to juvenile conviction for possession of a sawed-off shotgun; neither the length of the gun nor 26 U.S.C. § 5845 were cited or discussed in the opinion). This federal statute defines a sawed-off shotgun by the barrel length or overall length of the gun. *See* **26 U.S.C. § 5845(a)(2)**. At the time of the conviction, Arkansas law prohibited any sawed-off gun, regardless of length. *See **Moore v. State,*** 304 Ark. 257, 266, 801 S.W.2d 638, 642 (1990) ("The extent to which [the barrel of the shotgun] had been shortened is not relevant to this prosecution").

Vincent's argument is off point. As relevant here, the ACCA applies when a prior conviction is for a crime that "otherwise involves conduct that presents a serious potential risk of physical injury." In *United States v. McCall,* 439 F.3d 967 (8th Cir. 2006) (en banc), this court construed the "otherwise involves" language by analyzing a crime to determine if its elements involved or described conduct that entail a "serious potential risk of physical injury." ***McCall*** at 970, *quoting **United States v. Montgomery,*** 420 F.3d 482, 488 (5th Cir. 2005).

This court must determine if one element of Vincent's 1994 conviction is a serious risk of physical injury. Certified copies of the information and judgment establish that Vincent used or possessed an "implement for the infliction of serious physical injury or death." ***Vincent,*** 2007 WL 473691, at *1.

The Arkansas statute under which Vincent was convicted prohibited the possession of any "sawed-off shotgun or rifle, . . . or other implement for the infliction of serious physical injury or death which serves no common lawful purpose." **Ark.**

-3-

**Code Ann.** § 5-73-104(a) (amended 1993). At first glance, the "serious physical injury" phrase might not appear to modify "shotgun." However, the Arkansas Supreme Court has held that a conviction for use of each prohibited weapon listed in the statute – including a sawed-off shotgun – has the element that the weapon "will inflict serious physical injury or death *and* serves no lawful purpose." ***Bridges v. State,*** 327 Ark. 392, 397, 938 S.W.2d 561, 563 (1997).

Vincent's prior conviction for criminal use of a prohibited weapon is a violent felony. The district court properly applied the ACCA.

The judgment of the district court is affirmed.

———————————