# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60210

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

CURTIS CRAVEN,

      Defendant - Appellant

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CV-91

---

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Curtis Craven was given an enhanced sentence under the Armed Career Criminal Act (ACCA). He filed a § 2255(a) motion, which the district court dismissed as untimely. We granted a certificate of appealability (COA) as to that timeliness decision, and now reverse.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60210

### FACTS AND PROCEEDINGS

In 2008, Craven pleaded guilty to being a felon in possession of a firearm. In the plea agreement, Craven waived his right to appeal his conviction and sentence and his right "to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including . . . a motion brought under Title 28, United States Code, Section 2255."

The presentence report (PSR) listed Craven's prior convictions, including: (1) two Florida convictions for burglary of a conveyance; (2) one Florida conviction for burglary; (3) one Florida conviction for possession of a short-barreled shotgun; (4) one Mississippi conviction for commercial burglary; (5) one Mississippi conviction for aggravated assault; and (6) one Mississippi conviction for felony taking of a motor vehicle.[1] The probation office determined that Craven was subject to an enhanced sentence because commercial burglary, possession of a short-barreled shotgun, aggravated assault, and felony taking of a motor vehicle were "violent felonies" under the ACCA.

Craven objected to the characterization of all but the aggravated assault conviction. The district court overruled Craven's objections and adopted the PSR in full. The court sentenced Craven to the ACCA mandatory minimum sentence of 180 months.

Following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidating the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), Craven filed a 28 U.S.C. § 2255(a) motion to vacate, set aside, or correct his sentence. He argued that the convictions on which the court

---

[1] Craven also had convictions for grand larceny, grand theft, dealing in stolen property, and accessory after the fact to armed robbery, which are not relevant to our decision.

relied for the ACCA enhancement could have qualified only under the residual clause, so after *Johnson* he should no longer be subject to an enhanced sentence. The government moved to dismiss that motion, contending it was time-barred and, alternatively, that Craven had waived his right to file it. The district court granted the government's motion, dismissing Craven's motion as untimely.

This court granted Craven a COA as to the following issue: "whether the district court erred by dismissing Craven's § 2255 motion as time-barred based on its determination that *Johnson* did not affect the sentence under the ACCA."

## DISCUSSION

"We review de novo the district court's conclusion that [Craven's] motion is untimely." *United States v. Rodriguez*, 858 F.3d 960, 961 (5th Cir. 2017). A § 2255 motion must be filed within a year of the latest of four qualifying events. 28 U.S.C. § 2255(f). As relevant here, this is the latest of either "the date on which the judgment of conviction bec[ame] final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(1), (3).

Craven contends his motion is timely under § 2255(f)(3) because it was filed within a year of the Supreme Court deciding *Johnson*. The parties do not dispute that *Johnson* recognized a new right that has been made retroactively applicable. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Nor do they dispute that Craven filed his motion within a year of *Johnson*.

The district court did not analyze Craven's motion under § 2255(f)(3). Nor did it address the ACCA determination made at sentencing.

The threshold question to determine the timeliness of Craven's motion is whether he asserted a *Johnson* claim, i.e., whether he claimed that he was

sentenced under the ACCA's residual clause. Craven argued in his § 2255 motion that "he faced a mandatory minimum sentence under the residual clause of the ACCA." He contends the court did not identify at sentencing on which clause(s) it was relying, but that the possible relevant convictions could not qualify as violent felonies except under the residual clause. The government argues that the district court did not actually rely on the residual clause at sentencing, so Craven's claim cannot be based on *Johnson* and is therefore untimely.

We have not decided whether to timely file an initial § 2255 motion the movant need only assert a *Johnson* claim or whether he must also demonstrate that the sentencing court relied on the residual clause.[2] *Cf. United States v. Wiese*, 896 F.3d 720, 724 (5th Cir. 2018) (holding that in the context of a successive § 2255 motion, to prove the court has jurisdiction the movant must show "the sentencing court relied on the residual clause in making its sentencing determination"). Nor have we decided—if the movant must make such a showing—what standard should be used to determine whether the court relied on the residual clause for *Johnson* purposes. For successive § 2255 motions, we have noted without deciding that "the 'more likely than not' standard appears to be the more appropriate standard," as opposed to requiring a showing that the court "may have" relied on the residual clause. *Id.* at 724 (stating that the more demanding standard "comports with . . . the

---

[2] *Compare Beeman v. United States*, 871 F.3d 1215, 1219–21 (11th Cir. 2017) (finding timely a motion in which the defendant "claimed that when sentencing him . . . the district court relied on the residual clause" but denying this claim on the merits), *and United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017) (holding that "in order to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right" but finding on the merits that the movant had been sentenced under the enumerated clause), *with Dimott v. United States*, 881 F.3d 232, 236 (1st Cir. 2018) (finding § 2255 motions untimely because "the record reflects that [the movants] were sentenced under the ACCA's enumerated clause, not the residual clause").

No. 17-60210

stringent and limited approach of AEDPA to successive habeas applications"); *see also United States v. Taylor*, 873 F.3d 476, 479–81 (5th Cir. 2017) (cataloguing various circuits' standards for the jurisdictional showing on successive § 2255 motions). Even if Craven had to show it was more likely than not that the sentencing court relied on the residual clause to make his motion timely, he is able to do so.

The district court did not specify at the sentencing hearing what convictions qualified under the ACCA, or under what clause. However, the PSR adopted in full by the court laid out the reasoning for ACCA enhancement. *See Wiese*, 896 F.3d at 724–25 (to determine potential reliance on the residual clause, we look to the sentencing record, the PSR and other relevant materials before the district court, and the law at the time of sentencing). The PSR identified Craven's Mississippi commercial burglary, possession of a short-barreled shotgun, felony taking of a motor vehicle, and aggravated assault as the violent felonies that subjected him to ACCA enhancement.

The PSR based its violent felony determinations for the possession of a short-barreled shotgun and car theft convictions on Eighth Circuit cases finding those crimes to be violent felonies under the ACCA's residual clause and an analogous sentencing guidelines provision. *See United States v. Vincent*, 519 F.3d 732, 733 (8th Cir. 2008), *vacated on other grounds, Vincent v. United States*, 555 U.S. 1133 (2009); *United States v. Walker*, 494 F.3d 688, 693 (8th Cir. 2007); *United States v. Sprouse*, 394 F.3d 578, 580–81 (8th Cir. 2005). Thus, it is more likely than not that the district court relied on the residual clause for at least two of the four convictions used to enhance Craven's sentence. At least one of these convictions was necessary to sustain the enhancement. *See* 18 U.S.C. § 924(e)(1) (requiring three previous qualifying convictions).

No. 17-60210

Craven asserted a *Johnson* claim, and it is more likely than not that he was sentenced under the residual clause. The district court erred in dismissing Craven's § 2255 motion as time-barred.

Whether any reliance on the residual clause is harmless because Craven still qualifies for enhancement is beyond the scope of the COA, as is the question of whether Craven waived his right to bring his motion in the first instance. *See United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("We do not consider . . . issues not included in a COA.").

## CONCLUSION

In light of the foregoing, we REVERSE the district court's dismissal on timeliness grounds and REMAND for further proceedings consistent with this opinion.